COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
PETER M. ADAMS (243926)
(padams@cooley.com)
4401 Eastgate Mall
4401 Eastgate Mall
San Diego, California 92121-1909
Telephone:   (858) 550 6000
Facsimile:    (858) 550-6420

Attorneys for Defendants
ACADIA Pharmaceuticals, Inc., Stephen R.
Davis, and Srdjan (Serge) R. Stankovic

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM AND OHIO CARPENTERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ACADIA PHARMACEUTICALS INC., STEPHEN R. DAVIS, and SRDJAN (SERGE) R. STANKOVIC, <br><br> Defendants. | Case No. 3: 21-CV-00762-WQH-NLS <br><br> **EX PARTE APPLICATION FOR LEAVE TO SUBMIT CHARTS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> Judge: Hon. William Q. Hayes <br> Courtroom: 14B <br><br> Filed concurrent with the Declaration of Peter M. Adams |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that ACADIA Pharmaceuticals Inc., Stephen R. Davis, and Srdjan (Serge) R. Stankovic (collectively, "Defendants") hereby apply *ex parte* for leave to file charts in support of their forthcoming motion to dismiss Plaintiff's Amended Class Action Complaint for Violations of the Federal Securities laws (the "CAC") (Dkt. 45), which is due on February 15, 2022. This application is made to the Honorable William Q. Hayes, Courtroom 14B, James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, California 92101.

This application is based on this notice, the enclosed memorandum of points and authorities, the concurrently filed declaration of Peter M. Adams, all pleadings and papers on file in this action, all other matters of which the Court may take judicial notice, and any further written or oral argument and evidence that may be presented.

As detailed in the attached declaration, the parties met and conferred, and Plaintiffs do not take a position regarding to this application and reserve all rights. Defendants provided notice of this application to Plaintiffs' attorneys through the ECF system and by email with return receipt requested:

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
John T. Jasnoch
(jjasnoch@scott-scott.com)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Phone: (619) 233-4565

William C. Fredericks (*pro hac vice*)
(wfredericks@scott-scott.com)
Thomas L. Laughlin, IV (*pro hac vice*)
(tlaughlin@scott-scott.com)
Donald A. Broggi (*pro hac vice*)
(dbroggi@scott-scott.com)
Rhiana L. Swartz (*pro hac vice*)
(rswartz@scott-scott.com)
Jonathan M. Zimmerman (*pro hac vice*)
(jzimmerman@scott-scott.com)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Phone: (212) 223-6444

**LEVI & KORSINKSY LLP**
Shannon L. Hopkins (*pro hac vice*)
(shopkins@zlk.com)
Gregory M. Potrepka (*pro hac vice*)
(gpotrepka@zlk.com)
1111 Summer Street, Suite 403
Stamford, CT 06905
Phone: (203) 992-4523

Adam M. Apton
(aapton@zlk.com)
Adam C. McCall
(amccall@slk.com)
75 Broadway, Suite 202
San Francisco, CA 94111
Phone: (415) 273-1671

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants respectfully submit this *ex parte* application for leave to submit five charts in support of their forthcoming motion to dismiss Plaintiffs' CAC.

Local Civil Rule 7.1(h) provides that "[b]riefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per party, for all such motions without leave of the judge who will hear the motion."

However, courts have generally concluded that summary charts like those proposed here are not only appropriate but beneficial, and do not constitute extra briefing that requires a request for extra pages.  *See* Order Granting Defendants' *Ex Parte* Application for Leave to Submit Charts in Support of Their Motion to Dismiss the Third Amended Complaint, *In re ACADA Pharmaceuticals Inc. Sec. Lit.*, No. 3:18-cv-01647-AJB-BGS (ECF No. 106) (S.D. Cal. May 20, 2021) (approving exhibits listing challenged statements by category); *Tadros v. Celladon Corp.*, 2016 WL 5870002, at *8 & n.5 (S.D. Cal. Oct. 7, 2016) (Battaglia, J.) (taking judicial notice of chart that presented the allegations in "organized, easy to use format"), *aff'd*, 738 F. App'x 448 (9th Cir. 2018); *see also, e.g.*, *Garden City Emps.' Retirement Sys. v. Anixter Int'l, Inc.*, 2011 WL 1303387, at *9 (N.D. Ill. Mar. 31, 2011) (approving 22-page chart titled "Reasons Why Alleged Misrepresentations in Amended Complaint Are Not Actionable" that "merely reproduce[d] portions of Plaintiffs' complaint and reference[d] portions of Defendants' memorandum in support of their motion to dismiss"); *U.S. ex rel. K&R Ltd. P'ship v. Mass. Housing Fin. Agency*, 456 F. Supp. 2d 46, 52–53 (D.D.C. 2006) (chart merely presented "the same argument . . . in a different manner" and accomplished "organizational work that the Court would otherwise have to take upon itself"); *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1218 (S.D. Cal. 2001) (Whelan, J.) (considering chart that collected information "from documents the Court may independently consider").

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2

With this application, Defendants seek leave to file, for the convenience of the Court, several charts cataloging the non-actionable statements Plaintiffs challenge in their CAC and summarizing the relevant risk warnings.

Good cause supports this request. The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires the Court to analyze challenged statements one by one. *See* 15 U.S.C. § 78u-4(b); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *10 n.5 (N.D. Cal. Apr. 28, 2020) ("[T]he Court must do a statement-by-statement analysis.") (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008)). The proposed charts are necessary given the large volume of the challenged statements in the CAC: in a series of 34 paragraphs (¶¶ 107–141), Plaintiffs appear to challenge multiple statements in each of approximately 20 block-quoted disclosures by the corporate and individual defendants.

In addition, because Plaintiffs' CAC often attacks as false or misleading multiple statements within a single paragraph (*e.g.*, Dkt. 45 ¶¶ 125, 128, 132), it is not possible for Defendants to identify a specific challenged statement by paragraph number alone. Further, cataloging or repeating each challenged statement or risk warning in the body of Defendants' opening brief would consume much of the 25-page limit, leaving very little room for the legal arguments on which Defendants' motion to dismiss will rely. To be clear, the proposed charts will not contain new argument. Rather, the charts will simply identify each specific challenged statement in a format that allows the Court to easily and efficiently cross-reference the challenged statements to the corresponding legal arguments in Defendants' brief.

Accordingly, Defendants respectfully request leave to submit the proposed charts to assist the Court in performing the statement-by-statement analysis required by the PSLRA and binding precedent.

/ / /

/ / /

/ / /

Dated:        February 8, 2022          COOLEY LLP


By: */s/ Peter M. Adams*
    Peter M. Adams (243926)

Attorneys for Defendants
ACADIA Pharmaceuticals, Inc.,
Stephen R. Davis, and Srdjan (Serge) R.
Stankovic

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4