William C. Fredericks (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV (*pro hac vice*)
Donald A. Broggi (*pro hac vice*)
Rhiana L. Swartz (*pro hac vice*)
Jonathan M. Zimmerman (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
wfredericks@scott-scott.com
tlaughlin@scott-scott.com
dbroggi@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

*Counsel for Lead Plaintiff*
*City of Birmingham Relief and Retirement System*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM and OHIO CARPENTERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ACADIA PHARMACEUTICALS INC., STEPHEN R. DAVIS, and SRDJAN (SERGE) R. STANKOVIC,<br><br>Defendants. | No. 3:21-cv-00762-WQH-NLS<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE**<br><br>Hearing Date: June 9, 2022<br>Courtroom:    14B<br>Judge: Hon. William Q. Hayes<br><br><u>Oral Argument Requested</u> |

Lead Plaintiff City of Birmingham Relief and Retirement System and additional Plaintiff Ohio Carpenters' Pension Fund (together, "Plaintiffs") submit this Opposition to Defendants' Request for Judicial Notice and for Incorporation by Reference in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. No. 53-5 (the "Request" or "Def. Req."))).

## ARGUMENT

The Request seeks to expand the record on which this Court will decide Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint (the "AC") by adding 36 exhibits, totaling over 200 pages.  While some of these exhibits may be considered by this Court at the motion-to-dismiss stage[1] — at least for purposes of noticing what Defendants publicly stated (as opposed to the truth of the matters asserted therein) — much of the Request is an improper attempt to "pile on numerous documents to [Defendants'] motion[] to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Plaintiffs object to the Court considering the following documents "in deciding Defendants' Motion to Dismiss" (Def. Req. at 5) because they were not incorporated by reference into the CAC and cannot be judicially noticed: Exhibits A, B, C, F, K, L, N, O, S, U, V, Y AA, and DD to the Adams Declaration (the "Improper Exhibits").[2]

---

[1]   Plaintiffs do not contest that the following documents which were extensively quoted in the AC are judicially noticeable and/or incorporated by reference into the AC: Exhibits D, E, G, H, I, J, M, P, Q, R, T, W, X, Z, BB, CC, GG, HH, II, and JJ to the Declaration of Peter M. Adams in Support of Defendants' Motion to Dismiss (Dkt. No. 53-2 (the "Adams Declaration")).  *See In re BioMarin Pharm. Inc. Sec. Litig.*, 2022 WL 164299, at *3 n.1 (N.D. Cal. Jan. 6, 2022) (judicially noticing "a more complete version of the statement" quoted in the complain because "the quotations from the Complaint are supplemented with full quotations"(citing *Knievel v. ESPN*, 939 F.3d 1068, 1076 (9th Cir. 2005))).  Plaintiffs also do not object to the Court's consideration of Exhibits EE and FF (SEC Form 4's purporting to report the individual defendants' transactions in Acadia securities), notwithstanding that they are not incorporated by reference into or otherwise "integral to" the AC.

[2]   References herein to "Ex." are to the exhibits in the Adams Declaration.

1

As the Ninth Circuit has made clear, "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 988. As such, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint" except in two limited circumstances when either: (i) "'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim'" (the incorporation-by-reference doctrine), or (ii) if "an adjudicative fact . . . is 'not subject to reasonable dispute'" and may be judicially noticed. *Id*. at 998-99, 1002.

***The Improper Exhibits Were Not Incorporated by Reference.*** The incorporation-by-reference doctrine "treats certain documents as though they are part of the complaint" in two narrow scenarios. *Id*. at 1002. First, when the complaint itself "extensively" quotes from or refers to a specific document. *Id.* And second, in "those rare instances when assessing the sufficiency of a claim requires that the document at issue be reviewed." *Id*. The Improper Exhibits Defendants claim were incorporated by reference into the AC consist of excerpts from a December 4, 2019 investor presentation (Ex. O) and five Acadia press releases. Exs. A, B, F, N, AA. Contrary to Defendants' assertion (Def. Req. at 5), none of the Improper Exhibits are explicitly referenced in the AC, nor are they quoted in the AC. As a result, the Improper Exhibits must fall into the incorporation-by-reference doctrine's "rare" exception for those instances "when assessing the sufficiency of a claim ***requires*** that the document at issue be reviewed." *Khoja*, 899 F.3d at 1002-03. The Improper Exhibits Defendants seek to incorporate by reference come nowhere close to meeting this high bar.

The facts of *Khoja* are instructive here. In that case, Orexigen Therapeutics argued that one of its press releases was incorporated by reference into the complaint because "facts that the press release happens to report" were pled in that complaint.

PLTFS' OPPO. TO DEFS' REQ. FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE
CASE NO. 3:21-CV-00762-WQH-NLS

*Id.* at 1007. The Court of Appeals held that this was not enough where "[n]othing in the Complaint connects this information with this press release." *Id.* The same reasoning holds true here.

To start, Defendants appear to concede in a footnote that the AC merely "refer[s] to information contained in" one or more of the Improper Exhibits. Def. Req. at 1 n.1.[3] Further, the paragraphs Defendants cite to support their incorporation-by-reference request make clear that, as in *Khoja*, some of the information referenced in the Improper Exhibits just "happens" to also be referenced in the AC. *See id.* at 1-4. For example, Defendants argue that ¶¶31 and 45 of the AC incorporate by reference Acadia's press release from April 26, 2016 (Ex. A). Def. Req. at 1. But AC ¶31 simply pleads, in its entirety:

> In April 2016, the FDA approved pimavanserin for the treatment of hallucinations and delusions associated with Parkinson's disease psychosis. The Company launched the product in the United States in May 2016.

AC ¶31. Likewise, AC ¶45 describes the so-called "-020 Study" at a high level without reference to any documents or information unique to the April 26, 2016, press release. Indeed, Defendants claim that Ex. N is also incorporated by reference into AC ¶45, undermining any credible connection between that paragraph and "[those] press release[s]." *Khoja*, 899 F.3d at 1007.

Another example is Ex. O — "Acadia's [December 4, 2019] Presentation and Discussion of the Phase 3 HARMONY Top-line Results" (Def. Req. at 2) — a set of glossy presentation slides that Defendants assert were at least in part incorporated by reference in AC ¶62. That paragraph reads in its entirety as follows:

> On December 4, 2019, Acadia presented the Harmony Study's top-line results. In connection with this presentation, the Company released the full data set of the Harmony Study.

---

[3] The Request does not specify which exhibits the AC "quote[s] from" and which only "refer to information contained in, the referenced document." *See id.*

PLTFS' OPPO. TO DEFS' REQ. FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE
CASE NO. 3:21-CV-00762-WQH-NLS

AC ¶62. But it is well-settled that "'the mere mention of the existence of a document is insufficient to incorporate the contents of a document.'" *Khoja*, 899 F.3d at 1002 (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). The material that the AC was referencing in ¶62 was the "dataset" that was released the same day — not the glossy presentation slides, that are something very different from the kind of "full dataset" that is what the AC referenced.

In sum, none of the Improper Exhibits were incorporated-by-reference.

***The Improper Exhibits Cannot Be Judicially Noticed for the Truth of the Purported Facts Contained in Those Exhibits.*** Judicial notice of a ***fact*** is appropriate only where the fact "is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)(1)-(2)). Importantly, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* As a consequence of this, judicial notice of the ***existence*** of a document is typically distinct from judicial notice of the contents of a document for the ***truth of the matters*** asserted therein. *See id.* 999-1000.

Here, Defendants claim to seek judicial notice of the Improper Exhibits to "'indicate what was in the public realm at the time, not whether the contents of those [documents] were in fact true.'" Def. Req. at 7 (quoting *Von Saher v. Norton Simon Museum of Art as Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)) (alteration in original). To be sure, this might be acceptable if Defendants limited their use of such materials to that purpose – but Defendants do not seek to use them for such limited purposes. Instead, Defendants cite the Improper Exhibits in their Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss to try to use them as factual support for Defendants' self-serving

4

characterizations of their own conduct.  *See*, *e.g.*, Dkt. No. 53-1 at 4-7, 16, 23.  The Improper Exhibits should not and cannot be judicially noticed for these purposes, as "'there is a reasonable dispute as to what'" the contents of these documents (as opposed to their mere existence) actually "'establishes.'"  *Khoja*, 899 F.3d at 1000.

## **CONCLUSION**

The Request should be denied as it relates to the incorporation by reference of the Improper Exhibits and the judicial notice of those documents for the truth of the matters asserted therein.

DATED:  April 18, 2022                    Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

   s/     William C. Fredericks
William C. Fredericks (*pro hac vice*)
Thomas L. Laughlin, IV (*pro hac vice*)
Donald A. Broggi (*pro hac vice*)
Rhiana L. Swartz (*pro hac vice*)
Jonathan M. Zimmerman (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
wfredericks@scott-scott.com
tlaughlin@scott-scott.com
dbroggi@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

Jacob Lieberman (*pro hac vice*)
156 South Main Street
P.O. Box 192
Colchester, CT 06413
Telephone: (860) 537-5537
Facsimile:  (860) 537-4432
jlieberman@scott-scott.com

John T. Jasnoch
600 W. Broadway, Suite 3300
San Diego, CA  92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508
jjasnoch@scott-scott.com

*Counsel for Lead Plaintiff City of Birmingham Relief and Retirement System*

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (*pro hac vice* forthcoming)
Gregory M. Potrepka (*pro hac vice* forthcoming)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 992-4523
shopkins@zlk.com
gpotrepka@zlk.com

Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Telephone: (415) 273-1671
aapton@zlk.com
amccall@zlk.com

*Attorneys for Additional Plaintiff Ohio Carpenters' Pension Fund*

PLTFS' OPPO. TO DEFS' REQ. FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE
CASE NO. 3:21-CV-00762-WQH-NLS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 18, 2022, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ William C. Fredericks*
WILLIAM C. FREDERICKS
(*pro hac vice*)

PLTFS' OPPO. TO DEFS' REQ. FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE
CASE NO. 3:21-CV-00762-WQH-NLS