COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
PETER M. ADAMS (243926)
(padams@cooley.com)
4401 Eastgate Mall
San Diego, California 92121-1909
Telephone:   (858) 550-6000
Facsimile:   (858) 550-6420

Attorneys for Defendants
Acadia Pharmaceuticals, Inc., Stephen R.
Davis, and Srdjan (Serge) R. Stankovic

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM AND OHIO CARPENTERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACADIA PHARMACEUTICALS INC., STEPHEN R. DAVIS, and SRDJAN (SERGE) R. STANKOVIC,<br><br>Defendants. | Case No. 3:21-CV-00762-WQH-NLS<br><br>CLASS ACTION<br><br>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Date: June 9, 2022<br>Courtroom: 14B<br>Judge: Hon. William Q. Hayes<br><br>**Oral Argument Requested**<br><br>**Demand for Jury Trial** |

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Acadia Pharmaceuticals, Inc. ("Acadia" or the "Company"), Stephen R. Davis, and Srdjan (Serge) R. Stankovic (collectively, "Defendants"), hereby request that the Court incorporate by reference and/or take judicial notice of the documents listed below, submitted in support of Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Motion to Dismiss") and attached to the accompanying Supplemental Declaration of Peter M. Adams in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint ("Supplemental Adams Declaration").[1]

**Documents Subject to This Request[2]**

| Ex. | Description | ¶¶ |
|-----|-------------|-----|
| **KK** | Piper Jaffray Equity Research report titled, *A Clear Win for ACAD as Pimavanserin DRP Data Deliver On All Metrics*, and published on Dec. 5, 2019. | |
| **LL** | Cowen Equity Research report titled, *Perfect HARMONY: CTAD Data Shows 65% Reduction In Risk of Relapse in DRP*, and published on Dec. 5, 2019. | |
| **MM** | Historical price chart produced by Yahoo! Finance depicting Acadia's stock prices between September and December 2019. | |

On a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of

---

[1] "¶" refers to the paragraphs of the Amended Class Action Complaint for Violations of the Federal Securities Laws ("CAC") that quote from, or refer to information contained in, the referenced document. "Ex." refers to the exhibits to the Adams Declaration.

[2] For the Court's convenience, attached to the accompanying Supplemental Adams Declaration are true and correct highlighted (and in some cases, excerpted) copies of each exhibit.

which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In the Ninth Circuit, Courts may take judicial notice of analyst reports. *See In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023–24 (C.D. Cal. 2008) ("Among the public documents a court may consider in a motion to dismiss securities fraud claims are analyst reports when they are submitted to establish whether and when certain information was provided to the market, not the truth of the matters asserted in the reports.") (citations and internal quotation marks omitted).

**Exhibits KK** and **LL** are analyst reports submitted to establish that certain information was provided to the market—not to establish the truth of the matters asserted in the reports. Plaintiffs maintain that Defendants hid Acadia's HARMONY clinical trial data from investors and that the data Defendants concealed showed that Acadia's sNDA could not possibly be approved by the FDA. Exhibits KK and LL show that the market was provided the data Plaintiffs claim were concealed by Defendants, and that analysts regarded that data as positive news for Acadia.

**Exhibit MM** is a record of Acadia's daily stock price from September 6, 2019, through December 5, 2019. It contains facts generally known within this Court's jurisdiction and which can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

For the foregoing reasons, Defendants respectfully request that the Court take judicial of **Exhibits KK, LL, and MM** to establish what information was in the public realm and when.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2

SUPP. REQ. FOR JUD. NOTICE AND FOR
INCORP. BY REF. ISO MTD CAC
CASE NO. 3:21-CV-00762-WQH-NLS

Dated:        June 2, 2022            COOLEY LLP


By: */s/ Peter M. Adams*
        Peter M. Adams

Attorneys for Defendants
Acadia Pharmaceuticals, Inc., Stephen
R. Davis, and Srdjan (Serge) R.
Stankovic

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3

SUPP. REQ. FOR JUD. NOTICE AND FOR
INCORP. BY REF. ISO MTD CAC
CASE NO. 3:21-CV-00762-WQH-NLS