UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM and OHIO CARPENTERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:21-cv-00762-WQH-MSB |
| Plaintiffs, | **STIPULATION AND PROTECTIVE ORDER** |
| v. | Judge:  Hon. Michael S. Berg |
| ACADIA PHARMACEUTICALS INC., STEPHEN R. DAVIS, and SRDJAN (SERGE) R. STANKOVIC, | |
| Defendants. | |

The Court recognizes that at least some of the documents and information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "**Challenging Party**" means a Party or Non-Party (as defined herein) that challenges the designation of Discovery Material as "Confidential" or "Highly Confidential" under this Order.

2. The term "**Confidential Information**" means and includes information contained or disclosed in any Materials (as defined herein), including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

3. The term "**Counsel**" means outside counsel of record, and other attorneys, paralegals, secretaries, support staff, and electronic discovery vendors employed or retained by the law firms identified below: Scott+Scott Attorneys at Law LLP (Counsel for Lead Plaintiff City of Birmingham Retirement and Relief System), Levi & Korsinsky, LLP (Counsel for Additional Plaintiff Ohio Carpenters' Pension Fund), Cooley LLP (Counsel for Defendants Acadia Pharmaceuticals, Inc., Stephen R. Davis, and Srjdan R. Stankovic), in-house attorneys for Lead Plaintiff, and in-house attorneys for Acadia Pharmaceuticals, Inc.

**Stipulation & Protective Order**
**Case No. 3:21-cv-00762-WQH-MSB**

4.	The term "**Designated Discovery Material**" means any Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order.

5.	The term "**Designating Party**" means any Party or Non-Party (as defined herein) who designates information or Materials for protection pursuant to this Order.

6.	The term "**Experts**" will mean expert witnesses or consultants retained by the Parties or counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, and who have agreed to sign the certification attached hereto as Exhibit A.

7.	The term "**Highly Confidential**," and the corresponding designation, means information that the Producing Party believes in good faith contains or is of a highly proprietary or competitive sensitive business, regulatory, financial, or technical nature (which may, but will not necessarily, include the following: proprietary business data or information and documents reflecting ongoing research and development) which the Producing Party believes in good faith would cause business injury if disclosed; or other extremely sensitive information, the disclosure of which would create a substantial risk of serious economic harm.

8.	The term "**Material(s)**" includes, but is not limited to, documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches;

**Stipulation & Protective Order**
**Case No. 3:21-cv-00762-WQH-MSB**

drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

9. The term "**Non-Party**" means any person or entity, other than the Parties, from which Material is requested, and/or which produces Material in response to discovery requests in this Action.

10. The term "**Party**" means and includes Lead Plaintiff City of Birmingham Retirement and Relief System, Additional Plaintiff Ohio Carpenters' Pension Fund, and Defendants Acadia Pharmaceuticals, Inc., Stephen R. Davis, and Srjdan R. Stankovic.

11. The term "**Producing Party**" means a Party or Non-Party that produces or discloses Materials or information in this Action in response to discovery requests.

12. The term "**Receiving Party**" means a Party that receives Material from a Producing Party in response to discovery requests in this Action.

**DESIGNATING MATERIALS**

13. Each Party or Non-Party that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the Producing Party believes should be subject to this Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

14. Each Designating Party will take care to limit any such designation to specific Material that qualifies under the appropriate legal standards. To the extent it is practical to do so, the Designating Party will designate for protection only those parts of Materials or oral or written communications that qualify for such protection.

15. With respect to the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" portion of any Material other than deposition transcripts and exhibits, the Designating Party or its counsel may designate such portion by stamping or otherwise clearly marking as "CONFIDENTIAL" or "HIGHLY

**Stipulation & Protective Order**
**Case No. 3:21-cv-00762-WQH-MSB**

CONFIDENTIAL" the protected portion in a manner that will not interfere with legibility or audibility.

16. In the event the Producing Party elects to produce Materials for inspection, no marking need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the Producing Party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

17. Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information of any Party or Non-Party:

a. The deposition or portions of the deposition must be designated as containing Confidential Information subject to this Order; such designation must be made on the record whenever possible, but a Party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a Party will have until 14 days after receipt of the deposition transcript to inform the other Parties of the portions of the transcript to be designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL";

b. The disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), Experts, the court reporter, and the person(s) agreed upon pursuant to Paragraph 20 below; and

c. The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal,

**Stipulation & Protective Order**
**Case No. 3:21-cv-00762-WQH-MSB**

identified as being subject to this Order, and protected from being opened except by order of this Court.

### ACCESS TO DESIGNATED DISCOVERY MATERIALS

18. No Confidential Information designated as "CONFIDENTIAL" may be disclosed by the Receiving Party to anyone other than a deponent or those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

19. If Confidential Information is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

20. Materials designated "CONFIDENTIAL" may be viewed by and disclosed *only* to Counsel; the Parties; court reporters; the Court and its personnel; with respect to a document, its author, addressee, any other person indicated on the face of the document (or in other documents or testimony) as having received a copy; and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing Exhibit A hereto:

     a.    Experts;

     b.    persons employed by a Party who are required to participate in legal and/or strategic decisions regarding this Action;

     c.    technical personnel of the Parties with whom counsel for the Parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action;

d. stenographic and clerical employees associated with the individuals identified above;

e. any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution of this Action;

f. deponents or witnesses in this Action, and their counsel, to whom disclosure is reasonably necessary for eliciting relevant testimony; and

g. any other person agreed upon in advance by all Parties to the Action in writing or on the record or any person as to whom the Court directs should have access.

21. Materials designated "HIGHLY CONFIDENTIAL" may be viewed by or disclosed *only* to Counsel; court reporters; the Court and its personnel; with respect to a document, its author, addressee, any other person indicated on the face of the document (or in other documents or testimony) as having received a copy; Experts, provided he or she has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing Exhibit A hereto; any person noticed as a deponent or witnesses in this action and who has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing Exhibit A hereto, provided that the Producing Party can object within seven days of receiving the deposition notice to disclosure on a showing of good cause; and any other person agreed upon in advance by all Parties to the Action in writing or on the record, provided that any such person has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing Exhibit A hereto, or any person as to whom the Court directs should have access.

22. All Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and any and all reproductions of Confidential Information contained or reflected in such Materials, must be retained in the custody of Counsel for the Receiving Party, except that Experts and electronic discovery vendors

**Stipulation & Protective Order**
**Case No. 3:21-cv-00762-WQH-MSB**

authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this Action.

23.     Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," provided that the contents of such Materials must not be disclosed except as permitted under this Order.

## CHALLENGING DESIGNATIONS

24.     At any stage of this Action, any Party may object to a designation of any Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The Party objecting to such designation(s) must notify, in writing, Counsel for the Producing Party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the Parties within seven days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The Materials at issue must be treated as designated by the Producing Party until the Court has ruled on the objection or the matter has been otherwise resolved.

25.     This Order will be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by any Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

## PRODUCTION OF NON-DESIGNATED CONFIDENTIAL INFORMATION

26.     Subject to the provisions of Paragraph 27, below, no Party will be responsible to another Party for disclosure of Confidential Information under this Order if the Materials containing such Confidential Information are not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order.

**Stipulation & Protective Order**
**Case No. 3:21-cv-00762-WQH-MSB**

27. If a Producing Party discloses to a Receiving Party any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the Receiving Party that the Materials produced contain Confidential Information and should be treated as if designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate. Upon receiving such notice, the Receiving Party must treat the Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," without waiver of the Receiving Party's rights to challenge any such designations.

28. If the Receiving Party has disclosed the Materials before receiving the designation, the Receiving Party must notify the Producing Party in writing of each such disclosure. Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

## NO WAIVER

29. Nothing within this Order will prejudice the right of any Party to object to the production of, and on that basis withhold from production, any Material that contains information subject to the attorney client privilege, attorney work product doctrine, or other applicable privilege or immunity ("Privileged Information").

30. Materials containing both Privileged Information and responsive non-privileged information will be produced with the Privileged Information redacted in such a way as to show the location of the redaction within the document.

## DISPOSITION OF DESIGNATED DISCOVERY MATERIALS

31. Upon final termination of this Action, including any and all appeals, counsel for each Party must, upon request of the Producing Party, return all Confidential Information to the Producing Party, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the Receiving Party, and must purge all such information from all machine-readable media on which it resides. Within 60 days of such a request, counsel of the Party to whom the

request was made must certify in writing that all Materials subject to the request have been returned or destroyed.

32.     Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

### FILING OF DESIGNATED DISCOVERY MATERIALS

33.     Before any Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are filed with the Court for any purpose, the party seeking to file such Materials must seek permission of the Court to file the Material under seal.

34.     If the Materials to be filed were not designated by the filing Party, such Party shall, no later than three business days before such filing, meet and confer with the Designating Party in a good faith effort to narrow or eliminate the documents (or portions thereof) to be filed provisionally under seal.

35.     No document may be filed under seal, except pursuant to a court order that authorizes the sealing of the particular document, or portion of the document. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. **The request must be narrowly tailored to seek sealing only of the confidential or privileged material**.

36.     To file a document under seal, the filing party must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, a party must file a redacted version of any document that it seeks to file under seal. The document must be titled to show that it corresponds to an item filed under seal, *e.g.*, "Redacted Copy

of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The party should file the redacted document(s) simultaneously with a joint motion or *ex parte* application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

37.    Notwithstanding any provision in this Order, the Court has the discretion whether to seal or otherwise afford confidential treatment to any Confidential Information contained in any document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

## **MISCELLANEOUS PROVISIONS**

38.    This Order shall become effective as a Stipulation among the Parties immediately upon its execution, even if not yet entered by the Court.

39.    This Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the Action.

40.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof for one year after the conclusion of this case.

41.    The restrictions and obligations set forth within this Order will not apply to any information that: (a) the Parties agree should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or will come into the Receiving Party's legitimate knowledge independently of the production by the Designating Party.

42.    The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

43. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

44. Transmission by email is acceptable for all notification purposes within this Order.

45. This Order may be modified only by agreement of all Parties, subject to approval by the Court. Provided, however, that the Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

46. This Order governs only the production and use of Materials containing Confidential Information and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to trial. The Parties shall meet-and-confer before the final pre-trial conference and propose to the Court procedures for use of Materials designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" during trial.

SO STIPULATED AND AGREED.

April 5, 2023

/s/Koji F. Fukumura
Koji F. Fukumura
COOLEY LLP
Koji F. Fukumura (189719)
Peter M. Adams (243926)
Heather M. Speers (305380)
Matthew D. Martinez (333932)
10265 Science Center Drive
San Diego, California 92121
Telephone: (858) 550 6000
Facsimile: (858) 550-6420

April 5, 2023

/s/William C. Fredericks
William C. Fredericks
SCOTT+SCOTT ATTORNEYS AT LAW LLP
William C. Fredericks (*pro hac vice*)
Donald A. Broggi (*pro hac vice*)
Marc J. Greco (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444

kfukumura@cooley.com
padams@cooley.com
hspeers@cooley.com
mmartinez@cooley.com

Christopher B. Durbin (218611)
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
Telephone: (206) 452-8700
Facsimile: (206) 452-8800
cdurbin@coooley.com

*Counsel for Defendants Acadia Pharmaceuticals, Inc., Stephen R. Davis, and Srjdan (Serge) R. Stankovic*

Facsimile: (212) 223-6334
wfredericks@scott-scott.com
dbroggi@scott-scott.com
mgreco@scott-scott.com

Jacob B. Lieberman (*pro hac vice*)
156 South Main Street
P.O. Box 192
Colchester, CT 06413
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
jlieberman@scott-scott.com

John T. Jasnoch (281605)
600 W. Broadway, Suite 3300
San Diego, CA  92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jjasnoch@scott-scott.com

*Counsel for Lead Plaintiff City of Birmingham Retirement and Relief System*

LEVI & KORSINSKY, LLP
Shannon L. Hopkins (*pro hac vice*)
Gregory M. Potrepka (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 992-4523
shopkins@zlk.com
gpotrepka@zlk.com

Adam M. Apton (316506)
Adam C. McCall (302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Telephone: (415) 273-1671
aapton@zlk.com
amccall@zlk.com

*Counsel for Additional Plaintiff Ohio Carpenters' Pension Fund*

**Stipulation & Protective Order**
**Case No. 3:21-cv-00762-WQH-MSB**

* * *

## **ORDER**

**IT IS SO ORDERED.**

Dated:  April 7, 2023

_____

Honorable Michael S. Berg
United States Magistrate Judge

**Stipulation & Protective Order
Case No. 3:21-cv-00762-WQH-MSB**

## EXHIBIT A

### Agreement to Be Bound by Protective Order

I, _____, have been informed that on the _____ day of _____, 2023, the U.S. District Court for the Southern District of California entered a Protective Order in the case of *City of Birmingham Relief & Retirement System v. Acadia Pharmaceuticals, Inc.*, No. 3:21-cv-00762-WQH-MSB (S.D. Cal.). I have read the Protective Order, agree to abide by the obligations of the Protective Order as they apply to me, and voluntarily submit to the jurisdiction of the U.S. District Court for the Southern District of California for purposes of any proceeding related to the Protective Order, including my receipt or review of information that has been designated as "Confidential" or "Highly Confidential."

Printed Name:      _____

Signature:          _____

Signed in _____ on the _____ day of _____, 2023.