COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
PETER M. ADAMS (243926)
(padams@cooley.com)
HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
MATTHEW D. MARTINEZ (333932)
(mmartinez@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone:   +1 858 550 6000
Facsimile:    +1 858 550 6420

CHRISTOPHER B. DURBIN (218611)
(cdurbin@cooley.com)
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
Telephone:   +1 206 452 8700
Facsimile:    +1 206 452 8800

Attorneys for Defendants
Acadia Pharmaceuticals, Inc., Stephen R.
Davis, and Srdjan (Serge) R. Stankovic

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM AND OHIO CARPENTERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ACADIA PHARMACEUTICALS INC., STEPHEN R. DAVIS, and SRDJAN (SERGE) R. STANKOVIC, <br><br> Defendants. | Case No. 3:21-CV-00762-WQH-MSB <br><br> CLASS ACTION <br><br> **DECLARATION OF CHRISTOPHER B. DURBIN IN SUPPORT OF DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL** <br><br> Courtroom: 14B <br> Judge: Hon. William Q. Hayes |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

I, Christopher B. Durbin, hereby declare as follows:

1.     I am an attorney duly licensed to practice law in the State of California and am admitted to practice before this Court.  I am Of Counsel with the law firm of Cooley LLP, attorneys of record for defendants Acadia Pharmaceuticals, Inc. ("Acadia"), Stephen R. Davis, and Srdjan (Serge) R. Stankovic (collectively, "Defendants").  I have personal knowledge of the matters set forth herein and, if called as a witness, I could and would competently testify thereto.

2.     Attached hereto as **Exhibit A** is a true and correct copy of the Reply Expert Report of René M. Stulz, Ph.D.

3.     Plaintiffs filed an Amended Class Action Complaint in this action on December 21, 2021 (the "Complaint"). (ECF No. 45.) The Complaint contains no allegations that Defendants misled investors about what the FDA communicated to Defendants regarding what the label might reflect if pimavanserin were approved for treatment of dementia related psychosis ("DRP").

4.     On April 21, 2023, Defendants produced to Plaintiffs a true and correct copy of the final version of the official FDA minutes from the May 15, 2017, End of Phase 2 meeting between Acadia and the FDA.

5.     On May 26, 2023, Defendants produced to Plaintiffs a true and correct copy of the FDA's April 2, 2021, Complete Response Letter.

6.     By serving written-discovery requests and meeting-and-conferring with Plaintiffs' counsel regarding Plaintiffs' responses, Defendants have repeatedly attempted to seek clarification from Plaintiffs as to which specific portions of the lengthy block quotes in the Complaint Plaintiffs are specifically challenging as materially false or misleading when made, as well as the reasons why Plaintiffs allege that each such statement was materially false or misleading when made.

7.     On September 15, 2023, Acadia served a First Set of Interrogatories on Plaintiffs, which included, among other requests:

Cooley LLP
Attorneys at Law
San Diego

1

Durbin Decl. i/s/o Defs.' Surreply in
Opp'n to Mot. for Class Certification
Case No. 3: 21-CV-00762-WQH-MSB

**Interrogatory No. 1:** Identify each portion of the quoted statements in the section titled "Materially False and Misleading Statements Issued During the Class Period" of the COMPLAINT that YOU contend was materially false or misleading when made.

8.      On October 16, 2023, Plaintiffs served their Answers and Objections to Acadia's First Set of Interrogatories. Plaintiffs did not provide a substantive response to Interrogatory No. 1, and objected to the request on grounds, among others, that "the Complaint speaks for itself"; that the Complaint had survived a motion to dismiss and therefore Plaintiffs need not identify the challenged statements with any greater specificity; and that it was a contention interrogatory that was premature prior to the completion of fact discovery. Plaintiffs' response simply referred Defendants to the Complaint and stated that they would consider providing a further response 60 days after the completion of fact discovery.

9.      Between October 23, 2023, and November 21, 2023, the Parties met and conferred on three separate occasions regarding Plaintiffs' failure to substantively respond to Interrogatory No. 1. Following these meet-and-confer discussions, Plaintiffs agreed to provide supplemental responses to Interrogatory No. 1.

10.     On December 15, 2023, Plaintiffs served First Supplemental Answers and Objections to Acadia's First Set of Interrogatories. The supplemental responses to Interrogatory No. 1, however, simply copied and pasted the block quotes in paragraphs 107, 109, 111, 113, 115, 117, 119, 121, 123, 125, 127–128, 130, 132, 134–135, 137–138, and 140–141 of the Complaint, omitting only analysts' questions and one instance where Mr. Davis responded to a question by deferring to Dr. Stankovic.

11.     Attached hereto as **Exhibit B** is a true and correct copy of Lead Plaintiff City of Birmingham Relief and Retirement System's First Supplemental Answers

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2

DURBIN DECL. I/S/O DEFS.' SURREPLY IN
OPP'N TO MOT. FOR CLASS CERTIFICATION
CASE NO. 3: 21-CV-00762-WQH-MSB

and Objections to Acadia Pharmaceuticals Inc.'s First Set of Interrogatories served on December 15, 2023.[1]

12.     On November 22, 2023, Acadia served a Second Set of Interrogatories, comprised of the following two requests:

> **Interrogatory No. 10:** For each portion of the quoted statements in the section of the COMPLAINT titled "Materially False and Misleading Statements Issued During the Class Period" that you allege was false or misleading when made, including the portions of such statements identified in YOUR supplemental and/or amended response to Interrogatory No. 1, state with specificity each reason why YOU allege that each portion of such statements was false or misleading when made.
>
> **Interrogatory No. 11:** For each reason stated in YOUR response to Interrogatory No. 10 that is based on an alleged omission, state with specificity the information YOU allege was omitted that rendered that portion of the statement false or misleading when made.

13.     On December 22, 2023, Plaintiffs each served Answers and Objections to Acadia's Second Set of Interrogatories.  Plaintiffs did not provide substantive responses to Interrogatory Nos. 10 or 11 and objected on similar bases as they did to Interrogatory No. 1.  Although Interrogatory Nos. 10 and 11 requested that Plaintiffs identify with specificity the *reasons* why Plaintiffs *allege* the challenged statements were false or misleading when made—not the *facts* supporting their allegations—Plaintiffs construed the requests as improper and premature contention interrogatories.  Plaintiffs responded only by offering to meet and confer "regarding the nature and extent of providing a further response to Interrogatory No. 10 [and 11]

---

[1] Additional Plaintiff Ohio Carpenters' Pension Fund's First Supplemental Answers and Objections to Acadia Pharmaceuticals Inc.'s First Set of Interrogatories, also served on December 15, 2023, are substantively identical to those served by Lead Plaintiff City of Birmingham Relief and Retirement System.

and the subparts thereof at a point in time falling 60 days after the completion of fact discovery."

14. Attached hereto as **Exhibit C** is a true and correct copy of Lead Plaintiff City of Birmingham Relief and Retirement System's Answers and Objections to Acadia Pharmaceuticals Inc.'s Second Set of Interrogatories served on December 22, 2023.[2]

15. On January 2, 2024, the Parties met and conferred regarding Plaintiffs' answers and objections to Interrogatory Nos. 10 and 11 but were unable to reach agreement on any further responses by Plaintiffs prior to the close of fact discovery.

16. A discovery conference before Magistrate Judge Berg to address Plaintiffs' deficient responses to Interrogatory Nos. 1, 10, and 11, among other responses, has been set for January 17, 2024.

17. On November 10, 2023, during the deposition of Defendants' expert René M. Stulz, Plaintiffs' counsel asked Professor Stulz if he had an understanding as to whether Plaintiffs could seek to amend their Complaint. My colleague, Peter Adams, then asked Plaintiffs' counsel whether Plaintiffs intended to amend their Complaint because "we're going down this path of briefing class cert . . . and if you're going to materially alter your complaint, we're going to have to go through this process again." Plaintiffs' counsel refused to respond other than to say that Plaintiffs reserved all rights to seek amendment of their Complaint.

18. Attached hereto as **Exhibit D** is a true and correct copy of an excerpt from the Deposition of Professor Stulz reflecting this exchange.

///

///

///

---

[2] Additional Plaintiff Ohio Carpenters' Pension Fund's Answers and Objections to Acadia Pharmaceuticals Inc.'s Second Set of Interrogatories, also served on December 22, 2023, were substantively identical to those served by Lead Plaintiff.

Cooley LLP
Attorneys at Law
San Diego

4

**Durbin Decl. i/s/o Defs.' Surreply in Opp'n to Mot. for Class Certification**
**Case No. 3: 21-cv-00762-WQH-MSB**

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

Executed on January 12, 2024, in Seattle, Washington.

*/s/Christopher B. Durbin*
Christopher B. Durbin

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5

DURBIN DECL. I/S/O DEFS.' SURREPLY IN
OPP'N TO MOT. FOR CLASS CERTIFICATION
CASE NO. 3: 21-CV-00762-WQH-MSB