# Exhibit C

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
John T. Jasnoch (SBN 281605)
600 W. Broadway, Suite 3300
San Diego, CA  92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508
jjasnoch@scott-scott.com

*Counsel for Lead Plaintiff City of Birmingham Retirement and Relief System*

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM and OHIO CARPENTERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACADIA PHARMACEUTICALS INC., STEPHEN R. DAVIS, and SRDJAN (SERGE) R. STANKOVIC,<br><br>Defendants. | No. 3:21-cv-00762-WQH-MSB<br><br>**LEAD PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT ACADIA PHARMACEUTICALS INC.'S SECOND SET OF INTERROGATORIES** |

Propounding Party:        Defendant Acadia Pharmaceuticals Inc.

Responding Party:         Lead Plaintiff City of Birmingham Retirement and Relief System

Set Number:               Two

Lead Plaintiff City of Birmingham Retirement and Relief System ("Lead Plaintiff"), by and through its undersigned counsel, submits the following answers and objections to Defendant Acadia Pharmaceuticals Inc.'s Second Set of Interrogatories to Lead Plaintiff served on November 22, 2023 ("Interrogatories"). Lead Plaintiff reserves the right to supplement, amend, and/or modify the answers and objections set forth below.

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

The Interrogatories seek Lead Plaintiff's contentions on several disputed issues that are the subject of ongoing fact discovery and that will (in most if not all cases) almost certainly also be the subject of expert discovery. Moreover, the Interrogatories were served about four months before the current fact discovery cutoff of March 15, 2024 (*see* Dkt. No. 114 ("The deadline to complete fact discovery [is] March 15, 2024"), and the Court has yet to even set a schedule for expert discovery. Consequently, the Interrogatories are clearly premature as Lead Plaintiff's investigation and the development of the factual record are still ongoing, and expert discovery has not even begun yet.

For the avoidance of doubt, Lead Plaintiff's investigation and review of discovery materials to date has been significant, but Lead Plaintiff' investigation and review of documents remains ongoing. Indeed, although Lead Plaintiff served its First Set of Requests for Production of Documents on March 22, 2023, Defendants— aside from production of insurance policies and a few organizational charts and meeting minutes—did not begin to start producing any meaningful quantum of documents until June 23, 2023, and their still unfinished production of documents did not begin to substantially "ramp up" until mid-August 2023. Indeed, although

1

the Interrogatories were served one month after Defendants claimed to have substantially completed their document productions, since their purported substantial completion of their document productions, they have produced over 25,000 additional documents.[1]  Moreover, with document discovery still plainly ongoing (and very large volumes of documents having been produced only recently), no depositions have been taken or scheduled by either side (except for the depositions of the two named Plaintiffs and the parties' market efficiency experts). And, as noted above, the Court has not even set a schedule for expert discovery on merits issues.

Any responses that may be given below are without waiver of, or prejudice to, Lead Plaintiff's right at any later date to introduce any documents, affidavits, or evidence, including any subsequently discovered fact or facts, as may be relevant to any issues that may come before the Court (including, without limitation, in connection with any later motions for summary judgment).  Lead Plaintiff further expressly reserves, to the extent any Interrogatories are timely re-served or responded to at a later, timely date:  (i) the right to object to other discovery procedures involving or relating to the subject matter of the Interrogatories; (ii) the right to interpose additional objections to these Interrogatories beyond those listed herein; (iii) the right to correct, supplement, or clarify any responses herein; and (iv) the right to make use of any information or documents obtained in discovery or at any deposition, hearing, any other court proceeding, or otherwise (including documents that Defendants may have already produced, but that Lead Plaintiff has not yet had the time to adequately review).

Lead Plaintiff is willing to meet and confer with Defendants in good faith regarding whether and the extent to which it may be possible for them to

---

[1]    To date, Defendants have produced 192,966 documents as of December 19, 2023.  Around 68% of these documents were produced during the period September 1, 2023 to December 19, 2023, and over 93% were produced during the period August 4, 2023 through December 19, 2023.

2

significantly narrow some or all of these premature contention interrogatories, such that providing answers at this early stage in the proceedings would be reasonable and proportionate to the needs of this action, and not unduly burdensome, calling for speculation, wasteful and/or harassing.

## GENERAL OBJECTIONS

Lead Plaintiff makes the following general objections to each instruction, definition, and specific Interrogatory made in the Interrogatories:

1.    Lead Plaintiff objects to the Interrogatories to the extent they purport to require Lead Plaintiff to:  (i)  provide or summarize information that is not in Lead Plaintiff's possession, custody or control; (ii)  provide or summarize information available from a more convenient, less burdensome, or less expensive source; (iii) produce or identify documents that are equally available to Defendants; and/or (iv) provide or summarize information that is already in Defendants' or their representatives' possession, custody or control.  Moreover, given that the close of fact discovery is still months away and document discovery (including Defendants' document productions) remain ongoing, Lead Plaintiff expressly disclaims any obligation or ability to finish, prior to providing any responses to the Interrogatories, its review or analysis of documents produced by Defendants to date.

2.    Lead Plaintiff objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privileges, immunities, or restrictions on discovery.  In this regard, Lead Plaintiff further states that the Interrogatories are objectionable to the extent that they require Lead Plaintiff to disclose its mental impressions of what facts or documents that it has reviewed to date may—or may not—be relevant based on the current incomplete factual posture of this case, which improperly seeks not only protected work product but also represents an improper and premature attempt by Defendants to gain a tactical advantage by gaining advance insight into, *e.g.*, Lead Plaintiff's beliefs as to what

3

documents and possible facts it may (or may not) deem to be relevant before Lead Plaintiff has had a sufficient opportunity to prepare to take, and take, the depositions of Defendants and other relevant fact witnesses.

3.      Similarly, Lead Plaintiff objects to the Interrogatories to the extent they prematurely seek information concerning the protected views and opinions of any of Lead Plaintiff's experts in a case where the interpretation and significance of various documents may well be the subject of later expert testimony—but where no date for the completion of expert discovery (or even the submission of expert reports) has yet been established by the Court.  Interrogatories that effectively seek to require Lead Plaintiff to identify the bases of any of its experts' opinions are premature and/or call for lay speculation, as such disclosure is not required until such time as expert witness reports are due.

4.      Lead Plaintiff objects to the Interrogatories to the extent they purport to require Lead Plaintiff to state all "reason[s]" or "information" with "specificity." To the extent an Interrogatory purports to require all "reasons" or "information" with "specificity" and/or other information regarding Lead Plaintiff's contentions, even if the Interrogatories were not otherwise premature and objectionable, such Interrogatories are objectionable as unduly burdensome to the extent that they seek more than what would constitute a short and plain summary of the principal facts responsive to the Interrogatory, based on Lead Plaintiff's ongoing and as yet incomplete review of the discovery had to date.

5.      Lead Plaintiff objects to the Interrogatories as constituting patently premature contention interrogatories on the grounds that fact discovery in this complex securities action is not only ongoing, but is far from complete with a current fact discovery deadline that (even assuming no further extensions are granted) is still months away, with Defendants still in the process of producing documents and having only produced the bulk of their documents to date within the last several months.

6. If and to the extent that Lead Plaintiff responds to any Interrogatory, it does so without prejudice to its right to use for any purpose any subsequently discovered facts, documents or other information that it may later discover or identify, including the right to alter or amend its current preliminary assessments of the relevance of particular facts, documents or other information in light of its ongoing review of the factual record as a whole (including but not limited to the significant document discovery yet to be produced by Defendants and third parties, future deposition testimony, Lead Plaintiff's completion of the review of the voluminous material that has only been produced recently, and further review and analysis by Lead Plaintiff's experts as well as other information that may be developed in the course of expert discovery).

7. Lead Plaintiff further reserves the right to supplement, amend, correct, or clarify these answers and objections to the Interrogatories, and to assert additional objections as may be appropriate based on matters developed or discovered during the course of this litigation. Lead Plaintiff, however, further reiterates all of its objections to the Interrogatories as being premature, and for similar reasons disclaims any obligation or duty to update any answers it may provide prior to, at the earliest, 60 days after the close of fact discovery.

8. Lead Plaintiff reserves all objections to the relevance or admissibility of the information requested in the Interrogatories or produced in response thereto.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Lead Plaintiff objects to the definition of "You" and "Your" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include persons or entities whose documents are not within Lead Plaintiff's possession, custody or control, including by referring to Lead Plaintiff's "agents, . . . attorneys, brokers, accountants and financial advisors." Lead Plaintiff construes "You" and "Your" as referring to the City of Birmingham Retirement and Relief System, the Lead Plaintiff in this action.

5

2.    Lead Plaintiff objects to each Instruction to the extent they differ from, are inconsistent with, or purport to impose obligations beyond those under the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Southern District of California, including but not limited to Civil Rule 33.1(a), and any other relevant law or rules, and thus purport to impose undue burden on Lead Plaintiff in responding to the Interrogatories.    In responding to the Interrogatories, Lead Plaintiff will act consistent with its obligations under these applicable rules.

**SPECIFIC ANSWERS AND OBJECTIONS TO INTERROGATORIES**

INTERROGATORY NO. 10:

For each portion of the quoted statements in the section of the COMPLAINT titled "Materially False and Misleading Statements Issued During the Class Period" that you allege was false or misleading when made, including the portions of such statements identified in YOUR supplemental and/or amended response to Interrogatory No. 1, state with specificity each reason why YOU allege that each portion of such statements was false or misleading when made.

ANSWER TO INTERROGATORY NO. 10:

Lead Plaintiff expressly incorporates its Preliminary Statement and Reservation of Rights, General Objections, and Objections to Definitions and Instructions as if fully set forth in response to Interrogatory No. 10.  Lead Plaintiff further specifically objects to Interrogatory No. 10, on the grounds that the undefined phrase "each portion of the quoted statements in the section titled 'Materially False and Misleading Statements Issued During the Class Period' of the COMPLAINT" is vague, ambiguous and confusing.    Lead Plaintiff further objects to this Interrogatory because it is compound and contains at least 20 discrete subparts (*i.e.*, "the statements identified in [Lead Plaintiff's] supplemental . . . response to Interrogatory No. 1"), each of which should be counted as separate interrogatories under Federal Rule of Civil Procedure 33(a)(1) and Local Civil Rule 33.1(a).  To the

6

extent that this Interrogatory is not otherwise objectionable, Lead Plaintiff states that each sub-part thereof should be treated as (and will be treated by Lead Plaintiff as) a separate interrogatory under Federal Rule of Civil Procedure 33(a)(1) and Local Civil Rule 33.1(a).  Acadia has now exceeded the allowable number of interrogatories that can be served without submitting to the Court a written motion setting forth the proposed additional interrogatories and the reasons establishing good cause for their use pursuant to Local Civil Rule 33.1(a), and Plaintiff expressly reserves the right to object to, and refuse to answer, any additional interrogatories on this basis.  Lead Plaintiff further objects to this compound Interrogatory to the extent that it improperly suggests or implies that Defendants' statements should be read in isolation, rather than in context.

Lead Plaintiff further specifically objects to Interrogatory No. 10 on the grounds that the undefined phrase "state with specificity" is vague, ambiguous, and confusing.  For the purposes of responding to this Interrogatory, Lead Plaintiff shall construe the phrase "state with specificity," to mean the provision of information with the level of detail and particularity required by Federal Rule of Civil Procedure 9(b) and 15 U.S.C. §78u-(b)(1).

Lead Plaintiff also objects to Interrogatory No. 10 as vague, ambiguous, and confusing to the extent that it uses the term "you" instead of the defined term "YOU."  For the purposes of responding to this Interrogatory, Lead Plaintiff will construe "you" to mean Lead Plaintiff.

Lead Plaintiff also objects to Interrogatory No. 10 as effectively seeking to improperly obtain information that, to the extent obtainable for a proper purpose at all, should have been sought via a motion for a more definitive statement pursuant to Federal Rule of Civil Procedure 12(e).  Lead Plaintiff avers that Defendants' Motion to Dismiss (and supporting papers), Motion for Reconsideration (and supporting papers), and Answer to the COMPLAINT (as well as Defendants' course of conduct since the filing of their Answer) make clear that Defendants sufficiently

7

understood the allegations in the section entitled "Materially False and Misleading Statements Issued During the Class Period" to provide a responsive pleading, such that no further clarification of these allegations is necessary or required. *See* Dkt. No. 69, ¶¶107–42.

Lead Plaintiff additionally objects to Interrogatory No. 10 on the grounds that the COMPLAINT speaks for itself and the allegations in the COMPLAINT, including those in the section entitled "Materially False and Misleading Statements Issued During the Class Period," have been sustained twice by the District Court as sufficiently particularized as to identify what statements Lead Plaintiff contends were materially false or misleading when made (*see* Dkt. Nos. 65, 82), so reproducing those allegations in response to this Interrogatory would be unduly burdensome, unnecessary, and wasteful. Similarly, that Defendants have at no time filed any Motion for Clarification of either the Court's original order denying their motion to dismiss, or of the Court's subsequent order denying their motion to reconsider, only further confirms that that no further clarification of these allegations is necessary or required, and that the burden of providing a further response to this Interrogatory is not proportionate to the needs of the case.

Lead Plaintiff further objects to Interrogatory No. 10 to the extent that it is duplicative of Interrogatory No. 2, which seeks "all facts supporting" Lead Plaintiff's allegations that each "statement" identified in response to Interrogatory No. 1 (*i.e.*, the same statements that are the subject of Interrogatory No. 10) "was materially false or misleading when made." Responding to what is effectively the same Interrogatory twice is unduly burdensome and disproportionate to the needs of this action.

Lead Plaintiff also objects to Interrogatory No. 10, to the extent that it prematurely requests (like Interrogatory No. 2) all "reason[s]" "with specificity" for why certain "statements [were] false or misleading when made" roughly four months before the current fact discovery cutoff in this action, at a time when Defendants are

still actively producing documents and no fact depositions have occurred (aside from those of the Plaintiffs and the parties' respective class certification experts).  For this same reason, Interrogatory No. 10 is also harassing, improper, unduly burdensome, and not proportionate to the needs of the case at this early stage of the proceedings.

Lead Plaintiff additionally objects to Interrogatory No. 10 as premature (like Interrogatory No. 2) to the extent that it seeks information that will be the subject of expert discovery, which has not even been scheduled yet by the Court.  Lead Plaintiff will construe this Interrogatory as not seeking an improper preview of the expert opinions and testimony that Lead Plaintiff may offer after the completion of fact discovery and, as such, will not provide any information that would otherwise be more appropriately presented in an expert report and/or expert testimony.

Lead Plaintiff further objects to Interrogatory No. 10 on the grounds that a request for all "reason[s]" "with specificity" is overly broad, unduly burdensome, and not reasonably limited in scope (like Interrogatory No. 2).  Accordingly, even if this Interrogatory were not premature, Lead Plaintiff objects to this Interrogatory to the extent it seeks more than a summary of what it currently believes, based on Lead Plaintiff's review of the incomplete discovery had to date, are the principal facts responsive to this Interrogatory, and without waiver of or prejudice to further supplementation as Lead Plaintiff learns additional facts and uncovers additional evidence.  Further, to the extent that Lead Plaintiff may preliminarily identify any facts in response to this Interrogatory, any such identification should not be construed as admitting that there are not additional facts that support the contention that Defendants' statements were materially false or misleading when made.

Subject to and without waiving any of the foregoing objections, Lead Plaintiff responds to Interrogatory No. 10 as follows:  To the extent that this Interrogatory is not premature, Lead Plaintiff directs Defendants to the COMPLAINT.  As Defendants well know, to survive a motion to dismiss the COMPLAINT needed to "state with particularity the circumstances constituting fraud," "state with

9

particularity . . . the facts constituting the alleged violation," and "identify the who, what, when, where, and how of the misconduct charged, as well as what is false [or] misleading about the purportedly fraudulent statement, and why it is false." Dkt. No. 65 at 12-13. The Court has twice held that the COMPLAINT met these standards and provided the information required by these standards. Dkt. Nos. 65, 82. In other words, the COMPLAINT needed to provide the information requested by Interrogatory No. 10 in survive a motion to dismiss and the Court has found it did so. To the extent anything further is required to respond to Interrogatory No. 10, this contention Interrogatory is premature, but, to the extent that the Parties are able to agree on a method of counting interrogatories that is equally applicable to both sides, Lead Plaintiff agrees to meet and confer regarding the nature and extent of providing a further response to Interrogatory No. 10 and the subparts thereof at a point in time falling 60 days after the completion of fact discovery.

INTERROGATORY NO. 11:

For each reason stated in YOUR response to Interrogatory No. 10 that is based on an alleged omission, state with specificity the information YOU allege was omitted that rendered that portion of the statement false or misleading when made.

ANSWER TO INTERROGATORY NO. 11:

Lead Plaintiff expressly incorporates its Preliminary Statement and Reservation of Rights, General Objections, and Objections to Definitions and Instructions as if fully set forth in response to Interrogatory No. 11. Lead Plaintiff further objects to this Interrogatory because it is compound and contains at least 20 discrete subparts (*i.e.*, "the statements identified in [Lead Plaintiff's] supplemental . . . response to Interrogatory No. 1"), each of which should be counted as separate interrogatories under Federal Rule of Civil Procedure 33(a)(1) and Local Civil Rule 33.1(a). To the extent that this Interrogatory is not otherwise objectionable, Lead Plaintiff states that each sub-part thereof should be treated as (and will be treated by Lead Plaintiff as) a separate interrogatory under Federal Rule of Civil Procedure

10

33(a)(1) and Local Civil Rule 33.1(a).  Acadia has now exceeded the allowable number of interrogatories that can be served without submitting to the Court a written motion setting forth the proposed additional interrogatories and the reasons establishing good cause for their use pursuant to Local Civil Rule 33.1(a), and Plaintiff expressly reserves the right to object to, and refuse to answer, any additional interrogatories on this basis.  Lead Plaintiff further objects to this compound Interrogatory to the extent that it improperly suggests or implies that Defendants' statements should be read in isolation, rather than in context.

Lead Plaintiff further specifically objects Interrogatory No. 11 on the grounds that the undefined phrase "state with specificity" is vague, ambiguous, and confusing.  For the purposes of responding to this Interrogatory, Lead Plaintiff shall construe the phrase "state with specificity," to mean the provision of information with the level of detail and particularity required by Federal Rule of Civil Procedure 9(b) and 15 U.S.C. §78u-(b)(1).

Lead Plaintiff also objects to Interrogatory No. 11 as effectively seeking to improperly obtain information that, to the extent obtainable for a proper purpose at all, should have been sought via a motion for a more definitive statement pursuant to Federal Rule of Civil Procedure 12(e).  Lead Plaintiff avers that Defendants' Motion to Dismiss (and supporting papers), Motion for Reconsideration (and supporting papers), and Answer to the COMPLAINT (as well as Defendants' course of conduct since the filing of their Answer) make clear that Defendants sufficiently understood the allegations in the section entitled "Materially False and Misleading Statements Issued During the Class Period" to provide a responsive pleading, such that no further clarification of these allegations is necessary or required.  *See* Dkt. No. 69, ¶¶107–42.

Lead Plaintiff additionally objects to Interrogatory No. 11 on the grounds that the COMPLAINT speaks for itself and the allegations in the COMPLAINT, including those in the section entitled "Materially False and Misleading Statements

11

Issued During the Class Period," have been sustained twice by the District Court as sufficiently particularized as to identify what statements Lead Plaintiff contends were materially false or misleading when made (*see* Dkt. Nos. 65, 82), so reproducing those allegations in response to this Interrogatory would be unduly burdensome, unnecessary, and wasteful. Similarly, that Defendants have at no time filed any Motion for Clarification of either the Court's original order denying their motion to dismiss, or of the Court's subsequent order denying their motion to reconsider, only further confirms that that no further clarification of these allegations is necessary or required, and that the burden of providing a further response to this Interrogatory is not proportionate to the needs of the case.

Lead Plaintiff further objects to Interrogatory No. 11 to the extent that it is duplicative of Interrogatory No. 3, which seeks "all undisclosed facts supporting" Lead Plaintiff's allegations that each "statement" identified in response to Interrogatory No. 1 (*i.e.*, the same statements that are the subject of Interrogatory No. 11) "was materially false or misleading when made." Responding to what is effectively the same Interrogatory twice is unduly burdensome and disproportionate to the needs of this action.

Lead Plaintiff also objects to Interrogatory No. 11 to the extent that it prematurely requests (like Interrogatory No. 3) all "information" "with specificity" that "was omitted that rendered [a] portion of [a] statement false or misleading when made" roughly four months before the current fact discovery cutoff in this action, at a time when Defendants are still actively producing documents and no fact depositions have occurred (aside from those of the Plaintiffs and the parties' respective class certification experts). For this same reason, Interrogatory No. 11 is also harassing, improper, unduly burdensome, and not proportionate to the needs of the case at this early stage of the proceedings.

Lead Plaintiff additionally objects to Interrogatory No. 11 as premature (like Interrogatory No. 3) to the extent that it seeks information that will be the subject of

expert discovery, which has not even been scheduled yet by the Court. Lead Plaintiff will construe this Interrogatory as not seeking an improper preview of the expert opinions and testimony that Lead Plaintiff may offer after the completion of fact discovery and, as such, will not provide any information that would otherwise be more appropriately presented in an expert report and/or expert testimony.

Lead Plaintiff further objects to Interrogatory No. 11 on the grounds that a request for all "information" "with specificity" is overly broad, unduly burdensome, and not reasonably limited in scope (like Interrogatory No. 3). Accordingly, even if this Interrogatory were not premature, Lead Plaintiff objects to this Interrogatory to the extent it seeks more than a summary of what it currently believes, based on Lead Plaintiff's review of the incomplete discovery had to date, are the principal facts responsive to this Interrogatory, and without waiver of or prejudice to further supplementation as Lead Plaintiff learns additional facts and uncovers additional evidence. Further, to the extent that Lead Plaintiff may preliminarily identify any facts in response to this Interrogatory, any such identification should not be construed as admitting that there are not additional facts that support the contention that Defendants' statements were materially false or misleading when made.

Subject to and without waiving any of the foregoing objections, Lead Plaintiff responds to Interrogatory No. 11 as follows: To the extent that this Interrogatory is not premature, Lead Plaintiff directs Defendants to the COMPLAINT. As Defendants well know, to survive a motion a dismiss the COMPLAINT needed to "state with particularity the circumstances constituting fraud," "state with particularity . . . the facts constituting the alleged violation," and "identify the who, what, when, where, and how of the misconduct charged, as well as what is false [or] misleading about the purportedly fraudulent statement, and why it is false." Dkt. No. 65 at 12-13. The Court has twice held that the COMPLAINT met these standards and provided the information required by these standards. Dkt. Nos. 65, 82. In other words, the COMPLAINT needed to provide the information requested

13

by Interrogatory No. 11 in survive a motion to dismiss and the Court has found it did so.  To the extent anything further is required to respond to Interrogatory No. 11, this contention Interrogatory is premature, but, to the extent that the Parties are able to agree on a method of counting interrogatories that is equally applicable to both sides, Lead Plaintiff agrees to meet and confer regarding the nature and extent of providing a further response to Interrogatory No. 11 and the subparts thereof at a point in time falling 60 days after the completion of fact discovery.

DATED:  December 22, 2023

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**

/s/ William C. Fredericks

William C. Fredericks (*pro hac vice*)
Donald A. Broggi (*pro hac vice*)
Marc J. Greco (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
wfredericks@scott-scott.com
dbroggi@scott-scott.com
mgreco@scott-scott.com

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
Jacob B. Lieberman (*pro hac vice*)
156 South Main Street
P.O. Box 192
Colchester, CT 06413
Telephone: (860) 537-5537
Facsimile:  (860) 537-4432
jlieberman@scott-scott.com

14

LEAD PL.'S ANSWERS & OBJS.
TO ACADIA'S SECOND INTERROGS.
NO. 3:21-CV-00762-WQH-MSB
EXHIBIT C PAGE 77

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
John T. Jasnoch (SBN 281605)
600 W. Broadway, Suite 3300
San Diego, CA  92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508
jjasnoch@scott-scott.com

*Counsel for Lead Plaintiff City of Birmingham Retirement and Relief System*

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (*pro hac vice*)
Gregory M. Potrepka (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 992-4523
shopkins@zlk.com
gpotrepka@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Telephone: (415) 273-1671
aapton@zlk.com
amccall@zlk.com

*Attorneys for Additional Plaintiff Ohio Carpenters' Pension Fund*

15

**PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am employed in New London County, Connecticut. I am over the age of 18 years and not a party to this action.  My business address is Scott+Scott Attorneys at Law LLP, 156 South Main Street, Colchester, Connecticut 06413.

On December 22, 2023, I served true and correct copies of the foregoing document on counsel for all parties of record via electronic mail to the e-mail addresses identified below.

| Party or Parties | Counsel |
| --- | --- |
| Acadia Pharmaceuticals Inc., Stephen R. Davis, and Srdjan (Serge) R. Stankovic | COOLEY LLP<br>Peter M. Adams<br>padams@cooley.com<br>Koji F. Fukumura<br>kfukumura@cooley.com<br>Christopher B. Durbin<br>cdurbin@coooley.com<br>Heather M. Speers<br>hspeers@cooley.com<br>Matthew D. Martinez<br>mmartinez@cooley.com |
| Ohio Carpenters' Pension Fund | LEVI & KORSINSKY LLP<br>Gregory M. Potrepka<br>gpotrepka@zlk.com<br>Shannon L. Hopkins<br>shopkins@zlk.com<br>Cole Von Richthofen<br>cvrichthofen@zlk.com<br>Adam M. Apton<br>aapton@zlk.com<br>Adam C. McCall<br>amccall@zlk.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of December, 2023, at Colchester, Connecticut.

/s/ Jacob B. Lieberman
Jacob B. Lieberman