UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF RETIREMENT SYSTEMS, et al., *Individually and On Behalf of All Others Similarly Situated*, | Case No. 21cv762-WQH (MSB) |
| Plaintiffs, | **ORDER GRANTING JOINT MOTION TO EXTEND FACT DISCOVERY DEADLINES [ECF NO. 143] AND SCHEDULING ORDER** |
| v. | |
| ACADIA PHARMACEUTICALS INC., et al., | |
| Defendants. | |

Before the Court is the parties' third Joint Motion to Extend Fact Discovery Deadlines ("Joint Motion"). [ECF No. 143]. Finding good cause, the Court **GRANTS** the Joint Motion and extends the fact discovery deadlines as follows:

1.      The deadline to serve interrogatories, requests for admission, and document production shall be extended from April 14, 2024 to **May 15, 2024.**

2.      The deadline to complete fact discovery shall be extended from March 15, 2024 to June 13, 2024 to **July 15, 2024**.

Furthermore, the Court held a Case Management Conference to set further discovery and pretrial deadlines on **April 1, 2024**.  After consulting with the attorneys of record for the parties and the chambers of the Honorable District Judge William Q. Hayes, and good cause appearing, **IT IS HEREBY ORDERED**:

1.    The parties shall designate their respective experts in writing by **August 19, 2024**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **October 16, 2024**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

2.    By **November 15, 2024**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

3.    Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **November 29, 2024**.

4.    All expert discovery shall be completed by all parties by **January 20, 2025**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

5.      Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6.      All other pretrial motions must be filed by **March 6, 2025**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

A Mandatory Settlement Conference shall be conducted on **July 10, 2025**, at **9:30 a.m.**, in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, second floor, San Diego, CA 92101**.  Upon arrival, parties should check in with Judge Berg's chambers using the callbox located by the second-floor elevators.  All discussions at the Mandatory Settlement Conference will be informal, off-the-record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a.      **Personal Appearance of Parties Required**:  All named parties, party representatives, claims adjusters for insured defendants, and the principal attorney(s) responsible for the litigation, must be present **in person** and prepared to discuss and resolve the case.  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

b.      **Full Settlement Authority Required**:  A party or party representative with full settlement authority must be present at the conference.  Retained outside corporate counsel must not appear on behalf of a corporation as the party

ORDER GRANTING JNT MTN TO EXTEND
FACT DISCOVERY DEADLINES
CASE NO. 21CV762-WQH (MSB)

representative who has the authority to negotiate and enter into a settlement. A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

c.   **Confidential Settlement Statements Required**:  By July 3, 2025, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements.  The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits.  Each party's settlement statement must outline (1) significant facts established during discovery and the effect these facts have on the issues in the case; (2) counsel's insights regarding how best to reach settlement; (3) a **specific demand/offer for settlement**; and (4) any previous settlement negotiations or mediation efforts.  The Mandatory Settlement Conference statement **must not merely repeat** what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief.  To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits.  Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.  A general statement, such as a party will "negotiate in good faith," is **not** a specific demand or offer.  The settlement statement should be submitted confidentially and need not be shared with other parties.

d.   **Requests to Continue a Mandatory Settlement Conference**:

Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a **written application**.  **Absent good cause, requests for continuances will not be**

ORDER GRANTING JNT MTN TO EXTEND
FACT DISCOVERY DEADLINES
CASE NO. 21CV762-WQH (MSB)

**considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

7.  In jury trial cases before Judge Hayes, neither party is required to file Memoranda of Contentions of Fact and Law.

8.  Counsel shall com_ply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **August 6, 2025**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

9.  Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **August 13, 2025**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

10.  Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **August 20, 2025**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

11.     The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **August 27, 2025**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

12.     The final Pretrial Conference is scheduled on the calendar of the **Honorable William Q. Hayes** on **September 3, 2025** at **9:00 a.m**.

13.     The parties must review the chambers' rules for the assigned district judge and magistrate judge.

14.     A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

15.     The dates and times set forth herein will not be modified except for good cause shown.

16.     Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge.  No reply memorandum shall exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

17.     All other guidance provided in the March 17, 2023 Scheduling Order [ECF No. 95] remain unchanged.

**IT IS SO ORDERED.**

Dated:  April 3, 2024

Honorable Michael S. Berg
United States Magistrate Judge