**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**
William C. Fredericks (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
wfredericks@scott-scott.com

*Class Counsel and Counsel for Lead Plaintiff City of
Birmingham Retirement and Relief System*

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM and OHIO CARPENTERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACADIA PHARMACEUTICALS INC., STEPHEN R. DAVIS, and SRDJAN (SERGE) R. STANKOVIC,<br><br>Defendants. | No. 3:21-cv-00762-WQH-MSB<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR APPROVAL OF PROPOSED PLAN FOR DISSEMINATION OF NOTICE OF PENDENCY OF CLASS ACTION**<br><br>Hon. William Q. Hayes<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

Class Representatives City of Birmingham Retirement and Relief System and Ohio Carpenters' Pension Fund (together, "Plaintiffs") submit this Memorandum of Points and Authorities in support of their unopposed motion for approval to provide notice to the Class of this certified class action under Federal Rule of Civil Procedure ("Rule") 23, as set forth in the proposed order filed herewith ("Proposed Order"). Class Counsel have conferred with counsel for Defendants Acadia Pharmaceuticals, Inc. ("Acadia"), Stephen R. Davis, and Ana Stankovic (collectively, "Defendants"), and Defendants do not oppose entry of the Proposed Order.

## BACKGROUND

In its March 11, 2024 Order Granting Plaintiffs' Unopposed Motion for Class Certification (ECF No. 140) ("Class Certification Order"), the Court certified the following class: "All persons and entities who purchased or otherwise acquired shares of Acadia common stock during the period from September 9, 2019 through April 4, 2021 (inclusive), and were damaged thereby" (the, "Class"). ECF No. 140 at 6-7. The Court excluded from the Class "Defendants; the past and current officers and directors of Acadia; the immediate family members, legal representatives, heirs, parents, subsidiaries, predecessors, successors, and assigns of any excluded person or entity; and any entity in which any excluded person(s) have or had a majority ownership interest, or that is or was controlled by any excluded person or entity." *Id.*

Notice of the pendency of this action has not yet been provided to the Class. Further substantive motions, including any motions for summary judgment, are currently scheduled to be filed on August 1, 2025, and the final Pretrial Conference is scheduled for February 20, 2026. ECF No. 174 at 2-3.

On March 19, 2025, Plaintiffs' counsel sent Defendants a copy of this motion—along with its supporting papers and exhibits (including the proposed

1

notices)—and asked whether Defendants opposed this motion.  On March 21, 2025, Defendants' counsel replied, "Defendants do not oppose the motion."

### ARGUMENT

Federal Rule of Civil Procedure 23(c)(2)(B) requires notice to potential members of a certified class action to inform them of the Action and their rights in connection thereto, including their right to request exclusion from the class. The class having been certified, it is necessary and appropriate to provide this notice at now in advance of motions for summary judgment and trial.  *See, e.g., In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 6051671, at *1-2 (S.D. Cal. Dec. 21, 2021) (approving dissemination of class notice in securities class action after class certification and prior to motions for summary judgment and trial).

The proposed method and schedule for providing notice to the Class are set forth in the Proposed Order, attached as Exhibit A.  The Proposed Order provides for notice to potential members of the Class ("Class Members") through a "Postcard Notice," a "Summary Notice," and a longer-form notice ("Notice"), which are attached to the Proposed Order as Exhibits 1, 2, and 3, respectively.

If the Court grants the Proposed Order, Plaintiffs will retain A.B. Data, Ltd. (the "Administrator") to serve as Notice Administrator to assist in disseminating the notices and processing requests for exclusion from the Class.  Plaintiffs selected the Administrator after receiving proposals from three notice administration firms.  The Administrator has provided notice administration for numerous securities class actions, including *Hustig v. Obalon Therapeutics, et al.*, No. 38-cv-0352 (S.D. Cal.); *In re Qualcomm Inc. Sec. Litig.*, No. 17-cv-00121 (S.D. Cal.); and *In re RH Inc. Sec. Litig.*, 17-cv-00554 (N.D. Cal.).

Under the Proposed Order, Acadia will provide, or cause its transfer agent to provide, the names and addresses (and email addresses, if possible) of any potential Class Members to the Administrator.  The Administrator will also use reasonable

efforts to identify other Class Members by contacting brokers and other nominees who purchased or held securities for the beneficial interest of Class Members.

Rule 23 provides that, "[f]or any class certified under Rule 23(b)(3) … the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). To satisfy these requirements, Plaintiffs propose that notice of the pendency of the class action be provided through a combination of the following methods: (i) the Postcard Notice delivered by email or first-class mail to individual class members at their addresses as provided by Acadia or by brokers and nominees; (ii) the Summary Notice to be published in *The Wall Street Journal* and over *PR Newswire*, as well as made available on the DTC Electronic Legal Notice system; and (iii) the longer-form Notice to be posted on a website to be established by the Administrator.

The proposed notices provide all the information required by Rule 23(c)(2)(B), including (i) the nature of the Action; (ii) the definition of the Class; (iii) a summary of the Class's claims and issues; (iv) that a Class Member may enter an appearance through an attorney if they wish; (v) that the Court will exclude from the Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a judgment on Class Members. *See* Fed. R. Civ. P. 23(c)(2)(B).

Courts have routinely found that comparable methods of notice satisfy the requirements of Rule 23(c)(2)(B). *See, e.g.*, *Sansone v. Charter Commc'ns*, *Inc.*, 2023 WL 9051463 (S.D. Cal. Aug. 21, 2023) ("District Courts in this Circuit regularly permit the use of postcard notices that provide information about the action and that direct class members to a website containing a long-form notice as consistent with the requirements of due process and Rule 23); *In re Qualcomm Inc. Sec. Litig.*, 2024 WL 3209339 (S.D. Cal. June 27, 2024) (approving class action

3

notice plan with postcard notice mailed to all class members, summary notice published in the Wall Street Journal and transmitted over PR Newswire, and additional notice provided on website); *Kendall v. Odonate Therapeutics, Inc.*, 2022 WL 188364 (S.D. Cal. Jan. 18, 2022) (approving similar class action notice plan with a short-form notice mailed to class members, publication notice published over a national newswire service, and long-form notice published on a website); *In re BofI Holding, Inc., Sec. Litig.*, 2021 WL 6051671, at *2 (S.D. Cal. Dec. 21, 2021) (approving similar notice plan with a postcard notice mailed to all class members, additional notice published, and a long-form notice available on website and by request).

In addition, Plaintiffs propose that requests for exclusion from the Class be made through the submission of a written request sent to the Administrator and postmarked no later than 60 calendar days after the Notice Date (the date mailing commences). No later than 15 business days following the deadline for requesting exclusion, the Administrator shall file a declaration with the Court describing its notification efforts and providing a list of all persons and entities who have requested exclusion from the class. The costs of the notice process shall be borne by Plaintiffs, and not by Defendants.

## CONCLUSION

Plaintiffs respectfully request that the Court approve providing notice to the Class of this certified class action as set forth in the Proposed Order.

DATED:  March 25, 2025

Respectfully submitted,

**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**

 /s/ William C. Fredericks
William C. Fredericks (*pro hac vice*)
Donald A. Broggi (*pro hac vice*)
Marc J. Greco (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
wfredericks@scott-scott.com
dbroggi@scott-scott.com
mgreco@scott-scott.com

Jacob B. Lieberman *(pro hac vice)*
Amanda F. Lawrence *(pro hac vice)*
Jessica M. Casey *(pro hac vice)*
**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06413
Telephone: (860) 537-5537
Facsimile:  (860) 537-4432
jlieberman@scott-scott.com
alawrence@scott-scott.com
jcasey@scott-scott.com

John T. Jasnoch (281605)
**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA  92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508
jjasnoch@scott-scott.com

*Counsel for Lead Plaintiff City of
Birmingham Retirement and Relief
System*

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (*pro hac vice*)
Gregory M. Potrepka (*pro hac vice*)
Cole Von Richthofen (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 992-4523
shopkins@zlk.com
gpotrepka@zlk.com
cvrichthofen@zlk.com

5

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
75 Broadway, Suite 202
San Francisco, CA 94111
Telephone: (415) 273-1671
aapton@zlk.com

*Attorneys for Additional Plaintiff Ohio Carpenters' Pension Fund*

6