COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
PETER M. ADAMS (243926)
(padams@cooley.com)
HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
10265 Science Center Drive
San Diego, California 92121
Telephone:   (858) 550 6000
Facsimile:    (858) 550 6420

CHRISTOPHER B. DURBIN (218611)
(cdurbin@cooley.com)
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
Telephone:   (206) 452 8700
Facsimile:    (206) 452 8800

Attorneys for Defendants
Acadia Pharmaceuticals Inc., Stephen R. Davis,
and Ana Stankovic, as Special Personal
Representative of the Estate of Srdjan (Serge)
R. Stankovic

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM AND OHIO CARPENTERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACADIA PHARMACEUTICALS INC., STEPHEN R. DAVIS, and ANA STANKOVIC, as Special Personal Representative of the Estate of Srdjan (Serge) R. Stankovic,<br><br>Defendants. | Case No. 3:21-CV-00762-WQH-MSB<br><br>CLASS ACTION<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        May 4, 2026<br>Judge:       Hon. William Q. Hayes<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

Pursuant to Federal Rule of Evidence 201, Defendants Acadia Pharmaceuticals Inc. ("Acadia"), Stephen R. Davis, and Ana Stankovic, as Special Personal Representative of the Estate of Srdjan (Serge) R. Stankovic (collectively, "Defendants"), respectfully request that the Court take judicial notice under Rule 201 of the Federal Rules of Evidence ("Rule 201") of Exhibits 21–31, 34, 44–76, and 155 attached to the Declaration of Koji F. Fukumura ("Fukumura Decl.") in support of Defendants' Motion for Summary Judgment.

## I.    ARGUMENT

Courts adjudicating motions for summary judgment may consider facts and documents properly subject to judicial notice. *See* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."); *Thai v. Cnty. of Los Angeles*, 2023 WL 2876940, at *4 (S.D. Cal. Mar. 22, 2023) (Hayes, J.) (granting judicial notice at summary judgment).[1] Under Rule 201, courts may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Likewise, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

Defendants request judicial notice of (1) publicly available documents from the U.S. Food and Drug Administration ("FDA"), (2) publicly available documents filed with the Securities Exchange Commission ("SEC"), (3) publicly available press releases and call transcripts, and (4) the summary judgment opinion in *Homyk v. ChemoCentryx, Inc.*, Dkt. No. 345, No. 21-cv-03343-JST (N.D. Cal. August 15, 2025) ("*ChemoCentryx*").

---

[1] Unless otherwise noted, emphasis is added and internal citations, quotation marks, and alterations are omitted.

**A.      The Court Should Take Judicial Notice of Official FDA Documents.**

Exhibits 21–31 are guidance documents authored and published by the FDA. The FDA may issue guidance on its "interpretation of or policy on a regulatory issue" pursuant to 21 C.F.R. § 10.115. These documents are appropriate for judicial notice for both (i) the fact that the FDA issued the document in question, and (ii) "the factual assertions contained within" the document. Dkt. No. 65. "Courts routinely take judicial notice of similar FDA guidance documents, many of which also appear on the FDA's public website." *Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1207 (N.D. Cal. 2017); *see also, e.g.*, *Constr. Laborers Pension Tr. of Greater St. Louis v. Neurocrine Biosciences, Inc.*, 2008 WL 2053733, at *7 (S.D. Cal. May 13, 2008 (taking judicial notice of and "consider[ing FDA] guidelines insofar as they explain public understanding of the FDA approval process"); *Inchen Huang v. Higgins*, 443 F. Supp. 3d 1031, 1048 (N.D. Cal. 2020) (taking judicial notice of a "June 2018 FDA guidance" document relating to FDA drug labeling); *Homyk v. ChemoCentryx, Inc.*, 2023 WL 3579440, at *4 (N.D. Cal. Feb. 23, 2023) ("Government publications that are publicly available on agency websites, including FDA guidance documents, are properly subject to judicial notice."); *Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at *4 (N.D. Cal. Mar. 18, 2024) (taking judicial notice of publicly available FDA guidance documents). Accordingly, judicial notice of Exhibits 21–31 is proper.

**B.      The Court Should Take Judicial Notice of Press Releases and Call Transcripts.**

The Court may also "properly take judicial notice of . . . earnings call transcripts, and press releases under Federal Rule of Evidence 201(b)(2)." *City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018). Here, Exhibits 34 and 44–63 are Acadia's publicly available press releases and investor call transcripts and concern a variety of relevant topics, including clinical trial results, earnings, and updates on the regulatory development of pimavanserin. These documents are publicly available from a variety of sources, including Acadia's

website, the SEC's website, and third-party commercial websites such as Bloomberg and LexisNexis. Their existence and contents are generally known and are capable of immediate determination by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts routinely take judicial notice of such documents.[2] *See, e.g.*, *Primo v. Pac. Biosciences of Cal., Inc.*, 940 F. Supp. 2d 1105, 1115 n.1 (N.D. Cal. 2013) (judicially noticing earnings call transcripts because they are "capable of immediate determination by resort to accurate sources and not subject to reasonable dispute"); *Lowe v. Tandem Diabetes Care Inc.*, 2024 WL 1898473, at *5 (S.D. Cal. Apr. 30, 2024) (judicially noticing press releases and earnings transcripts).

### C. The Court Should Take Judicial Notice of SEC Filings.

Exhibits 64–76 are Acadia's SEC filings.[3] As this Court has previously explained, it is proper to take judicial notice of SEC filings and the fact that the statements therein were publicly disclosed. *See* Dkt. No. 65 at 4 (taking judicial notice of SEC filings given "that the information contained in the documents was available to the market"). Other courts agree. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicially noticing "publicly available financial documents, including . . . SEC filings"); *Tandem*, 2024 WL 1898473, at *5 ("SEC filings are a matter of public record and therefore are the proper subject of judicial notice."). Judicial notice of these SEC filings is thus appropriate "for the purpose of considering what was disclosed to the market." *Ardelyx*, 2024 WL 1160900, at *4.

---

[2] This includes "investor presentations," such as Exhibit 51. *In re Intel Corp. Sec. Litig.*, 2025 WL 1914884, at *5 (N.D. Cal. Mar. 4, 2025) (granting judicial notice of "transcripts from CareDx's earnings calls" and "transcripts from conferences where Defendants gave remarks" (citation omitted)); *In re Nektar Therapeutics*, 2020 WL 3962004, at *7 (N.D. Cal. July 13, 2020) (judicial notice of "investor presentation transcripts" and "investor presentation slide decks")).

[3] All of these exhibits are publicly available on the SEC's website. *See* Fukumura Decl. ¶¶ 76–88.

**D.      The Court Should Take Judicial Notice of the *ChemoCentryx* Opinion.**

Exhibit 155 is a slip opinion of the Northern District of California's order granting summary judgment in *ChemoCentryx*. The *ChemoCentryx* opinion was published on August 15, 2025, and then subsequently replaced with an order requiring the parties to file a stipulation regarding proposed redactions to the *ChemoCentryx* opinion. *Homyk v. ChemoCentryx, Inc.*, 2025 WL 2505483, at *1 (N.D. Cal. Aug. 15, 2025). Although the parties filed a stipulation that no redaction is necessary on August 22, 2025, the Court has not yet republished the full opinion. *ChemoCentryx*, Dkt. No. 351. The *ChemoCentryx* opinion is otherwise publicly available at https://www.law360.com/articles/2378220/attachments/0. There is also no question that the *Chemocentryx* opinion is final as plaintiffs have filed an appeal. *ChemoCentryx*, Dkt. No. 354.

"Matters which are proper subjects of judicial notice include the opinions of other courts." *Bernier v. Travelers Prop. Cas. Ins. Co.,* 2019 WL 4865017, at *2 (C.D. Cal. Sep. 5, 2019) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2021), *report and recommendation adopted*, 2019 WL 4859064 (C.D. Cal. Oct. 1, 2019)). That includes unpublished slip opinions "in similar cases[.]" *In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 217 & n.4 (C.D. Cal. 2014); *see also Harmoni Int'l Spice, Inc. v. Bai*, 2016 WL 6571272, at *6 (C.D. Cal. Aug. 5, 2016) (granting judicial notice of slip opinion that is publicly available).

**II.      CONCLUSION**

Defendants respectfully request that the Court take judicial notice of Exhibits 21–31, 34, 44–76, and 155 for the purposes described herein.

Dated: November 12, 2025

COOLEY LLP

By: */s/ Koji F. Fukumura*
Koji F. Fukumura

*Attorneys for Defendants Acadia Pharmaceuticals Inc., Stephen R. Davis, and Ana Stankovic, as Special Personal Representative of the Estate of Srdjan (Serge) R. Stankovic*