John T. Jasnoch (SBN 281605)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA  92101
Telephone: (619)-233-4565
Facsimile:  (619)-233-0508
jjasnoch@scott-scott.com

*Counsel for Lead Plaintiff City of Birmingham Retirement and Relief System and the Certified Class*

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM and OHIO CARPENTERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | No. 3:21-cv-00762-WQH-MSB |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| v. | Hon. William Q. Hayes |
| ACADIA PHARMACEUTICALS INC., STEPHEN R. DAVIS, and ANA STANKOVIC, as Special Personal Representative of the Estate of Srdjan (Serge) R. Stankovic, | |
| Defendants. | |

Plaintiffs City of Birmingham Retirement and Relief System and Ohio Carpenters' Pension Fund ("Plaintiffs") respectfully submit this Opposition to Defendants' Request for Judicial Notice in Support of Defendants' Motion for Summary Judgment (Dkt. No. 201 ("Request" or " Req.")).

**INTRODUCTION**

Defendants seek to expand the already voluminous summary judgment record by requesting judicial notice of 46 exhibits, totaling over 1,400 pages. Plaintiffs oppose Defendants' Request with respect to (i) Acadia's press releases, earnings call transcripts, and SEC filings, and (ii) FDA guidance documents (the "Disputed Exhibits").[1] Plaintiffs do not oppose Defendants' Request with respect to the unpublished summary judgment opinion in *Homyk v. ChemoCentryx, Inc.* (Ex. 155).

This is Defendants' second sweeping demand for judicial notice. *See* Dkt. No. 53-5 (request for judicial notice in connection with motion to dismiss). The Court largely denied Defendants' first request in its September 27, 2022 order denying their motion to dismiss, in which the Court explained when judicial notice is appropriate and what information should be included in such a request. *City of Birmingham Relief & Ret. Sys. v. Acadia Pharms., Inc.*, 2022 WL 4491093, at *1–2 (S.D. Cal. Sept. 27, 2022) ("*MTD Order*"). Defendants' Request ignores the Court's prior rulings and guidance and is improper for reasons already identified by the Court.

*First*, Defendants improperly seek judicial notice of the contents of Acadia's press releases, earnings call transcripts, and SEC filings. Req. 3–4. *Second*, Defendants wrongly seek judicial notice of "the factual assertions" in nonbinding FDA guidance documents for the truth of their contents. *Finally*, even if Defendants' Request were not otherwise improper, it is fatally vague and ambiguous because it

---

[1] The Disputed Exhibits are Exhibits 21–31, 34, and 44–76 attached to the Declaration of Koji F. Fukumura in Support of Defendants' Notice of Motion and Motion for Summary Judgment. Dkt. No. 200 ("Fukumura Decl."). All references to Exhibits herein are to the Exhibits to the Fukumura Decl.

does not identify *any* specific facts for the Court to judicially notice, which independently warrants denying the Request.

## LEGAL STANDARD

Judicial notice is not appropriate unless a fact is "not subject to reasonable dispute" because it (i) "is generally known," or (ii) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While a court "may take judicial notice of matters of public record," it "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F. 3d 988, 999 (9th Cir. 2018) (citation modified). And "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.*

## ARGUMENT

**I.    THE COURT SHOULD NOT TAKE JUDICIAL NOTICE OF THE CONTENTS OF PRESS RELEASES, EARNINGS CALL TRANSCRIPTS, AND SEC FILINGS**

Defendants seek to revive their failed argument that the Court should take judicial notice of the contents of Acadia's press releases, earnings call transcripts, and SEC filings (Exhibits 34 and 44–76). Req. 3–4.[2] But the Court has already expressly limited the judicial notice of "Acadia press releases, an Acadia presentation, SEC filings, and news articles and reports" to "[t]he fact that Acadia issued these press releases, presentations, and filings," rather than "the truth of assertions of fact contained within the documents." *MTD Order*, at *2. Defendants' two-paragraph argument offers no reason why the Court should reverse itself now. *See* Req. 3–4.

---

[2]    While Defendants do not specify whether they request judicial notice of the *existence* of Acadia's press releases, earnings call transcripts, and SEC filings or the *facts contained within* these documents, they do not explicitly limit their Request to the existence of the documents. *See* Req. 2–5.

And there is no reason to revisit this prior holding. Courts routinely limit the judicial notice of press releases, earnings call transcripts, and SEC filings to "what was in the public realm at the time," as opposed to "whether the contents of those [documents] were in fact true." *Huang v. Avalanche Biotechnologies, Inc.*, 2016 WL 6524401, at *3 (N.D. Cal. Nov. 3, 2016) (citation modified); *see also Hadian v. Fate Therapeutics, Inc.*, 2024 WL 4246083, at *11 (S.D. Cal. Sept. 19, 2024) (declining to take judicial notice of SEC filings "for the truth of the statements they contain[ed]" (citation modified)); *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (declining to take judicial notice of "the truth of the matters asserted" in SEC filings, earnings call transcripts, and defendant publications). Defendants' own cases reject judicial notice of SEC filings, conference call transcripts, analyst reports, and press releases "for the truth of their contents." *See* Req. 3–4; *Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at *4 (N.D. Cal. Mar. 18, 2024) (taking judicial notice of press releases, SEC filings, and conference transcripts, but noting that "[i]n doing so, the Court [did] not assume the truth of any of the facts asserted"); *Lowe v. Tandem Diabetes Care Inc.*, 2024 WL 1898473, at *5 (S.D. Cal. Apr. 30, 2024) (same).

Deviating from this body of law is additionally unwarranted here because there is still "a reasonable dispute as to what" the contents of these documents actually "establish[]." *Khoja*, 899 F. 3d at 1000 (citation modified). Plaintiffs allege that many of these documents contain false or misleading statements and Defendants maintain they have committed no fraud. *Compare* Am. Compl., Dkt. No. 45 ¶¶109, 111, 113, 115, 117, 125, 128, 130, 132, 134, 138, 127, 140, 141, *with* Disputed Exs. 46, 47, 52, 53, 54, 56, 57, 58, 59, 60, 61, 74, 76.

Therefore, Defendants' Request must again be denied to the extent it seeks judicial notice of the contents of Acadia's press releases, earnings call transcripts, and SEC filings.

-3-

21cv00762

## II.   THE COURT SHOULD NOT TAKE JUDICIAL NOTICE OF THE CONTENTS OF FDA GUIDANCE DOCUMENTS

Defendants' Request must also be denied to the extent it seeks judicial notice of "the factual assertions" in FDA guidance documents (Exhibits 21–31).  Req. 3. The at-issue FDA documents provide guidance to drug sponsors based on FDA's "current thinking" and "do not operate to bind FDA or the public."  *See, e.g.*, Ex. 22 at 4.  *See generally* Exs. 21–31 (repeating the same language in each document).

Judicial notice of FDA guidance documents "extends only to recognizing the *existence* of [FDA guidance], and not [the] truth of the conclusions contained within them."  *Sneed v. Procter & Gamble Co.*, 779 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *see also Balistreri v. McCormick & Co., Inc.*, 2023 WL 5988600, at *3 (N.D. Cal. Sept. 13, 2023) (judicially noticing FDA guidance documents, "but not the facts [defendant] assert[ed] from them"); *Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 791 n.2 (N.D. Cal. 2015) ("The Court does not take notice of the FDA documents for the truth of facts subject to reasonable dispute.").  Defendants' own cases agree. *See* Req. 3; *Strezsak*, 2024 WL 1160900, at *4 (taking judicial notice of FDA documents, but clarifying that "[i]n doing so, the Court [did] not assume the truth of any of the facts asserted"); *Homyk v. ChemoCentryx, Inc.*, 2023 WL 3579440, at *4 (N.D. Cal. Feb. 23, 2023) ("A court cannot take judicial notice of disputed facts contained in such public records." (citation modified)).

Despite the clear law to the contrary, Defendants seek judicial notice of FDA guidance documents "for *both* (i) the fact that the FDA issued the document in question, *and* (ii) 'the factual assertions contained within the document.'"  Req. 3 (emphasis added).  Indeed, Defendants repeatedly cite the FDA guidance documents throughout their Motion for Summary Judgment *for the truth of their contents*.  *E.g.*, Dkt. No. 199-1 at 17 (citing Exhibit 31 for the proposition that FDA "[g]uidance provide[s] that pre-specified clinical trial endpoints are the basis for determining whether the drug has demonstrated 'substantial evidence of effectiveness'"); *id.* at

17–18 (citing Exhibits 23 and 28 for the proposition that it is "'important that FDA and sponsors have a common understanding of terms and phrasing used in communications with each other'"); *id.* at 27 (citing Exhibits 21, 22, and 27 for the proposition that "FDA would *look* at the subtype data for 'differential' responses or 'consistency among' subgroups").

Judicial notice of the FDA guidance documents for this purpose is improper because the contents of such documents "are subject to reasonable dispute." *Balistreri*, 2023 WL 5988600, at *3. This is especially true here, where the FDA guidance merely represents "the current thinking" of FDA, *see* Ex. 21–25, and "does not create or confer any rights for or on any person and does not operate to bind FDA or the public," *see* Exs. 28–31.[3]

Accordingly, Defendants' Request must be denied to the extent it seeks judicial notice of "the factual assertions" in FDA guidance documents.

## III. DEFENDANTS' REQUEST FAILS TO IDENTIFY THE SPECIFIC FACTS OF WHICH THEY SEEK JUDICIAL NOTICE

Even if the Disputed Exhibits were judicially noticeable, Defendants' Request must be denied because it fails to identify *any* of the specific facts out of 1,400 pages of material that Defendants want judicially noticed.

As the Court has already told Defendants, "[a] district court must clearly specify what fact or facts it judicially notices," and so Defendants' Request must do so as well. *MTD Order*, at *2. Where (as here), "[i]t is not clear the precise facts defendants want judicially noticed from these documents, . . . this confusion merely reinforces why [judicial notice] is inappropriate." *Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *5 (N.D. Cal. Jan. 27, 2020); *see also Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 617 (C.D. Cal. 2020) ("Because defendant does not identify which facts within the exhibits it asks the court to judicially notice . . . the court denies

---

[3] Tellingly, Defendants could have, but did not, establish a factual basis for admitting these Guidance Documents at trial during their examination of FDA's designated witness. Defendants cannot backfill the record through judicial notice.

-5-

defendant's request for judicial notice."). As such, a defendant's "failure to specify . . . which facts it would like the Court to take judicial notice" of *mandates* the denial of a request for judicial notice as "vague and ambiguous." *Cota v. Aveda Corp.*, 2020 WL 6083423, at *10 (S.D. Cal. Oct. 14, 2020).

Here, Defendants do not direct the Court to a single specific fact in *any* of the 45 Disputed Exhibits. Req. 2–5. Rather, Defendants wrongly blanket-cite entire exhibits, many of which are dozens, if not hundreds, of pages long. *See* Req. 2 (requesting the Court take judicial notice of "Exhibits 21–31, 34, 44–76, and 155"). If granted, Defendants' vague request would shift the burden to the Court to sift through over 1,400 pages of exhibits to divine the precise facts of which Defendants seek judicial notice. This is a task Defendants should have completed *before* filing their Request. Because Defendants have failed to specify what facts they want judicially noticed, the Court should deny their Request as vague and ambiguous.

**CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Request that the Court take judicial notice of Exhibits 21–31, 34, and 44–76.

DATED: January 14, 2026

Respectfully submitted,

**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**

/s/ William C. Fredericks

William C. Fredericks (*pro hac vice*)
Donald A. Broggi (*pro hac vice*)
Marc J. Greco (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
wfredericks@scott-scott.com
dbroggi@scott-scott.com
mgreco@scott-scott.com

21cv00762

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
Amanda F. Lawrence (*pro hac vice*)
Jacob B. Lieberman (*pro hac vice*)
Jessica M. Casey (*pro hac vice*)
156 South Main Street
P.O. Box 192
Colchester, CT 06413
Telephone: (860) 537-5537
Facsimile:  (860) 537-4432
alawrence@scott-scott.com
jlieberman@scott-scott.com
jcasey@scott-scott.com

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
John T. Jasnoch (SBN 281605)
600 W. Broadway, Suite 3300
San Diego, CA  92101
Telephone: (619) 233-4565
Facsimile:  (619) 233-0508
jjasnoch@scott-scott.com

*Counsel for Lead Plaintiff and Class Representative City of Birmingham Retirement and Relief System and the Certified Class*

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (*pro hac vice*)
Gregory M. Potrepka (*pro hac vice*)
P. Cole von Richthofen (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 992-4523
shopkins@zlk.com
gpotrepka@zlk.com
cvrichthofen@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
515 South Flower Street
18th & 19th Floors
Los Angeles, CA 90017
Telephone: (213) 985-7290
aapton@zlk.com

*Counsel for Additional Plaintiff and Class Representative Ohio Carpenters' Pension Fund*

21cv00762