COOLEY LLP
MICHAEL A. ATTANASIO (151529)
(mattanasio@cooley.com)
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
PETER M. ADAMS (243926)
(padams@cooley.com)
HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
10265 Science Center Drive
San Diego, California 92121
Telephone:   (858) 550 6000
Facsimile:   (858) 550 6420

CHRISTOPHER B. DURBIN (218611)
(cdurbin@cooley.com)
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
Telephone:   (206) 452 8700
Facsimile:   (206) 452 8800

Attorneys for Defendants
Acadia Pharmaceuticals Inc., Stephen R. Davis,
and Ana Stankovic, as Special Personal
Representative of the Estate of Srdjan (Serge)
R. Stankovic

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF BIRMINGHAM RELIEF AND RETIREMENT SYSTEM AND OHIO CARPENTERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ACADIA PHARMACEUTICALS INC., STEPHEN R. DAVIS, and ANA STANKOVIC, as Special Personal Representative of the Estate of Srdjan (Serge) R. Stankovic, <br><br> Defendants. | Case No. 3:21-CV-00762-WQH-MSB <br><br> CLASS ACTION <br><br> **REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Date:        April 10, 2026 <br> Judge:      Hon. William Q. Hayes |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................................... 1

II.  ARGUMENT .................................................................................................. 1

    A.   The Court May Take Judicial Notice of ChemoCentryx (Exhibit 155) ............................................................................................................ 1

    B.   The Court May Take Judicial Notice of the FDA Guidance Materials (Exhibits 21-31), Including the Facts Asserted Therein. .......... 1

    C.   The Court May Take Judicial Notice of Exhibits 34 and 44-76 for the Timing and Substance of Acadia's Public Disclosures. .................... 3

    D.   Defendants Sufficiently Identified the Judicially Noticeable Facts. ........ 4

III. CONCLUSION .............................................................................................. 6

**REPLY I/S/O DEFENDANTS' RJN**
Case No. 3:21-CV-00762-WQH-MSB

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aqua Metals, Inc. Sec. Litig.*,
  2019 WL 3817849 (N.D. Cal. Aug. 14, 2019)...................................................4, 6

*Balistreri v. McCormick & Co., Inc.*,
  2023 WL 5988600 (N.D. Cal. Sep. 13, 2023).......................................................3

*Capaci v. Sports Rsch. Corp.*,
  445 F.Supp.3d 607 (C.D. Cal. 2020)...................................................................5

*Constr. Laborers Pension Tr. of Greater St. Louis v. Neurocrine
  Biosciences, Inc.*,
  2008 WL 2053733 (S.D. Cal. May 13, 2008) .....................................................2

*Cota v. Aveda Corp.*,
  2020 WL 6083423 (S.D. Cal. Oct. 14, 2020).......................................................5

*Eagle Star Rock Prods. LLC v. PCC Structurals, Inc.*,
  756 F.Supp.3d 1062 (D. Or. 2024)...................................................................5, 6

*Grivas v. Metagenics, Inc.*,
  2016 WL 11266835 (C.D. Cal. Mar. 31, 2016) ...................................................3

*Grossman v. Sin*,
  2025 WL 1330087 (C.D. Cal. Mar. 31, 2025) .....................................................5

*Hadian v. Fate Therapeutics, Inc.*,
  2024 WL 4246083 (S.D. Cal. Sep. 19, 2024).......................................................4

*Huang v. Avalanche Biotechnologies, Inc.*,
  2016 WL 6524401 (N.D. Cal. Nov. 3, 2016) ....................................................3, 4

*Inchen Huang v. Higgins*,
  443 F.Supp.3d 1031 (N.D. Cal. 2020)..................................................................2

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ............................................................................2, 4

**REPLY I/S/O DEFENDANTS' RJN**
**Case No. 3:21-CV-00762-WQH-MSB**

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Lake v. Zogenix, Inc.*,
2020 WL 3820424 (N.D. Cal. Jan. 27, 2020)......................................................5

*Lowe v. Tandem Diabetes Care, Inc.*,
2024 WL 1898473 (S.D. Cal. Apr. 30, 2024) .....................................................4

*Sciortino v. Pepsico, Inc.*,
108 F.Supp.3d 780 (N.D. Cal. 2015)..................................................................3

*Sneed v. Proctor & Gamble Co.*,
779 F.Supp.3d 1025 (N.D. Cal. 2025) ...............................................................3

*In re Splunk Sec. Litig.*,
592 F.Supp.3d 919 (N.D. Cal. 2022)..................................................................4

*Thaut v. Hsieh*,
2015 WL 4508779 (E.D. Cal. July 24, 2015)......................................................3

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
592 F.3d 954 (9th Cir. 2010) .............................................................................4

*Weston v. DocuSign*,
669 F.Supp.3d 849 (N.D. Cal. 2023)..................................................................4

*Wilson v. Frito-Lay N.A., Inc.*,
260 F.Supp.3d 1202 (N.D. Cal. 2017)................................................................6

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Defendants Acadia Pharmaceuticals Inc. ("Acadia"), Stephen R. Davis, and Ana Stankovic, as Special Personal Representative of the Estate of Srdjan (Serge) R. Stankovic (collectively, "Defendants"), respectfully submit this Reply in Support of their Request for Judicial Notice ("RJN," Dkt. No. 201), and in response to Plaintiffs' Opposition to Defendants' Request for Judicial Notice ("RJN Opp.," Dkt. No. 205).

## I.   INTRODUCTION

Plaintiffs' RJN Opposition raises a series of equally meritless arguments: First, Plaintiffs concede that FDA guidance materials (Exhibits 21-31) *are* judicially noticeable, but not the "factual assertions" within those documents. Courts have repeatedly rejected this same argument, and Plaintiffs do not *dispute* any of the "factual assertions" in question—they *rely* on facts asserted in those same documents to oppose summary judgment. Second, Plaintiffs also concede that the Court may judicially notice documents reflecting Acadia's public disclosures (Exhibits 34 and 44-76). They dispute *the truth* of the matters asserted in those documents, but Defendants do not request notice for that purpose. Third, Plaintiffs misstate case law by asserting that Defendants failed to adequately specify judicially noticeable facts within the exhibits. This Court and others have taken notice of the same types of documents, for the same purposes, on the same showing, as Defendants' RJN presents here.

## II.   ARGUMENT

### A.   The Court May Take Judicial Notice of *ChemoCentryx* (Exhibit 155).

Defendants included the summary judgment opinion in *Homyk v. ChemoCentryx* as Exhibit 155 before it was available on Westlaw or Lexis. Plaintiffs do not oppose taking notice of that opinion, RJN Opp. 1, which is now available at 2025 WL 4110430.

### B.   The Court May Take Judicial Notice of the FDA Guidance Materials (Exhibits 21-31), Including the Facts Asserted Therein.

Plaintiffs concede, as they must, that FDA guidance materials *are* subject to judicial notice. *See* RJN Opp. 4-5. Indeed, courts have repeatedly held that Rule 201 permits judicial notice of FDA guidance materials for the same purposes that

Defendants offer them for here. *See* RJN 3; *Constr. Laborers Pension Tr. of Greater St. Louis v. Neurocrine Biosciences*, 2008 WL 2053733, at \*7 (S.D. Cal. May 13, 2008) (noticing FDA guidance "insofar as they explain public understanding of the FDA approval process" because the guidance "explains the FDA['s] consider[ation]s…when evaluating a proposed" application); *Inchen Huang v. Higgins*, 443 F.Supp.3d 1031, 1048 (N.D. Cal. 2020) (noticing FDA guidance to provide information regarding FDA considerations for product labeling).

Plaintiffs nonetheless argue that, even if FDA guidance materials are judicially noticeable, "factual assertions" in those documents are not. RJN Opp. 4-5. But the Court has already held that judicial notice of factual assertions within FDA documents *is* proper. *See* Dkt. No. 65 at 3-4 ("Exhibit L is an article on breakthrough therapy designation published by the FDA. The Court takes judicial notice of this article *and the factual assertions contained within it* regarding when breakthrough therapy designation is granted by the FDA.") (citing *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 1001 (9th Cir. 2018)).

Regardless, **Plaintiffs *don't actually dispute any* "factual assertions"** in the FDA guidance materials. To the contrary, they affirmatively rely on the *same* documents for *their* factual assertions to support *their* arguments. *See, e.g.*, PUF 263 (citing Exs. 21-25, 28-31) ("***All published FDA guidance documents that are part of the record in this case*** are non-binding.")[1]; PUF 264, citing Exs. 23, 28 ("***Pursuant to FDA guidance***, study sponsors, like Acadia, not FDA, are responsible for asking questions and clarifying any requirements for approval of drug applications."); MSJ Opp. 9 (citing PUF 264) (relying on FDA Guidance for proposition that "it is a sponsor's obligation to ask if they are confused."); MSJ Opp. 20-21 (citing Exs. 23, 26)

---

[1] Unless otherwise noted, emphasis is added and internal citations, quotation marks, and alterations are omitted.

("**FDA guidance** also confirms the existence of a subgroup efficacy requirement, despite Defendants' arguments to the contrary.").[2]

Plaintiffs cannot have it both ways: absent any real dispute over *any* "factual assertions" in the FDA guidance materials[3]—and having themselves relied on "factual assertions" in the same documents—Plaintiffs are left with no valid objection. *See Thaut v. Hsieh*, 2015 WL 4508779, at *7 (E.D. Cal. July 24, 2015) (granting judicial notice where "plaintiffs expressly acknowledge and cite to the documents…in their opposition"); *Grivas v. Metagenics*, 2016 WL 11266835, at *2 (C.D. Cal. Mar. 31, 2016) (granting judicial notice where plaintiff relied on same documents).

### C.   The Court May Take Judicial Notice of Exhibits 34 and 44-76 for the Timing and Substance of Acadia's Public Disclosures.

Plaintiffs *do not dispute* that the Court may take judicial notice of Acadia's SEC filings, press releases, transcripts of investor calls, and investor presentations (Exhibits 34 and 44-76) solely to show *what* information Acadia publicly disclosed and *when* Acadia disclosed that information. *See* RJN Opp. 2-3; RJN 3-4. Indeed, this Court has previously noticed the same types of documents for the same purposes. *See* Dkt. No. 65 at 4 ("The fact that Acadia issued these press releases, presentations, and filings, and that the information contained in the documents was available to the market is not subject to reasonable dispute."). Many other cases, including those cited by Plaintiffs, have reached the same conclusion. *See* RJN Opp. 3, citing *Huang v. Avalanche*

---

[2] Plaintiffs cannot manufacture a dispute by citing the FDA's disclaimers that Guidance "represents 'the current thinking' of FDA" and "does not create or confer any rights for or on any person and does not operate to bind FDA or the public[.]" RJN Opp. 5. Those too are "factual assertions," and Defendants do not dispute them. *See* PUF 263.

[3] Unlike here, Plaintiffs' cited cases involved **actual disputes** about the facts contained within FDA guidance documents. *See* RJN Opp. 4, citing *Sneed v. Proctor & Gamble*, 779 F.Supp.3d 1025, 1030-32 (N.D. Cal. 2025) (noticing FDA approval letter and scientific report for their existence only because each contained disputed facts); *Balistreri v. McCormick & Co.*, 2023 WL 5988600, at *3 (N.D. Cal. Sep. 13, 2023) (noticing existence of FDA documents only because there were contested facts within them); *Sciortino v. Pepsico*, 108 F.Supp.3d 780, 791, n.2 (N.D. Cal. 2015) (same).

*Biotechnologies*, 2016 WL 6524401, at \*3 (N.D. Cal. Nov. 3, 2016) (taking judicial notice of investor call transcript and SEC filings); *Hadian v. Fate Therapeutics*, 2024 WL 4246083, at \*11 (S.D. Cal. Sep. 19, 2024) (SEC filings); *In re Splunk Sec. Litig.*, 592 F.Supp.3d 919, 930 (N.D. Cal. 2022) (SEC filings, investor call transcripts and presentations, and publications of defendants' statements); *see also In re Aqua Metals Sec. Litig.*, 2019 WL 3817849, at \*5 (N.D. Cal. Aug. 14, 2019) (considering "SEC filings, press releases, and conference call transcripts…for the purpose of determining what was disclosed to the market"); *Lowe v. Tandem Diabetes Care*, 2024 WL 1898473, at \*4-5 (S.D. Cal. Apr. 30, 2024) (considering SEC filings, press releases, and earnings transcripts).

Instead, Plaintiffs attack a straw man by arguing that *the truth* of any statements in these exhibits is not judicially noticeable. *See* RJN Opp. 2-3. Defendants never requested that the Court take judicial notice of Exhibits 34 and 44-76 for that purpose. Here, unlike in *Khoja*, Defendants have not asked the Court to notice any of Acadia's public disclosures for the purpose of showing "*what investors already knew*." *Khoja*, 899 F.3d at 999-1000; *see* RJN Opp. 3. Rather, Defendants rely on these exhibits *solely* to show "what was in the public realm at the time[.]" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Accordingly, taking judicial notice of these exhibits will not impede Plaintiffs' ability to argue that the challenged statements in those disclosures were false or misleading when made. *See Weston v. DocuSign*, 669 F.Supp.3d 849, 872 (N.D. Cal. 2023) (noticing several documents that contained alleged misstatements).

**D.    Defendants Sufficiently Identified the Judicially Noticeable Facts.**

Plaintiffs' last (and least persuasive) argument is that Defendants "failed to specify what facts they want judicially noticed" in Exhibits 21-31, 34, and 44-76. *See* RJN Opp. 6. Neither Rule 201 nor applicable case law—including Plaintiffs' cited cases—impose such a burden. Rather, courts have declined to take judicial notice where the movant (i) failed to adequately describe ***the purposes*** for which the documents were

noticeable, and/or (ii) failed to establish that the documents *were, in fact, judicially noticeable*. *See* RJN Opp. 6, citing *Lake v. Zogenix*, 2020 WL 3820424, at \*5 (N.D. Cal. Jan. 27, 2020) (noticing FDA guidance but declining to notice analyst reports where Defendants failed to show why analyst reports were noticeable to show what was disclosed to the public); *Capaci v. Sports Rsch.*, 445 F.Supp.3d 607, 617 (C.D. Cal. 2020) (movant sought notice of product label, website page, and studies "in their entirety" and did not "explain why the court can judicially notice those facts"); *Cota v. Aveda*, 2020 WL 6083423, at \*10 (S.D. Cal. Oct. 14, 2020) (movants did not specify whether they sought notice of "the existence of the opinion, that the Court comes to a certain holding, or the facts of the opinion").

Here, in contrast, the RJN fully describes the purposes for which Defendants seek judicial notice *and* establishes that the exhibits themselves are judicially noticeable. With respect to Exhibits 21-31, Defendants request notice of "the fact that the FDA issued the document[s]" and of "the factual assertions contained within the document[s]." RJN 3. For Exhibits 34 and 44-76, Defendants request notice *only* of the substance and timing of the information that Acadia publicly disclosed. RJN 3-4. Nothing more is required, but the specific facts within each of these exhibits that Defendants rely on are readily apparent from Defendants' briefs and supporting papers. *See, e.g.*, Dkt. No. 199-2 at DUF 60 ("On September 9, 2019, Acadia held an investor call."); DUF 83 ("Acadia disclosed that there was 'no guarantee' of approval of the sNDA."); DUF 89 ("Filing review issues are distinct from application deficiencies that could serve as the basis for a potential 'refuse to file' action by the FDA.").

The weight of authority, including this Court's prior rulings, merits granting Defendants' RJN as presented. *See* Dkt. No. 65 at 2-4 (noticing FDA guidance, press releases, SEC filings, and presentations); *Grossman v. Sin*, 2025 WL 1330087, at \*12 (C.D. Cal. Mar. 31, 2025) (finding that "existence and content of the documents at issue are judicially noticeable" despite movant not identifying particular facts); *Eagle Star Rock Prods. v. PCC Structurals*, 756 F.Supp.3d 1062, 1078 (D. Or. 2024) (taking notice

of documents, despite movant not identifying specific facts, because "these documents are matters of public record"); *Wilson v. Frito-Lay N.A.*, 260 F.Supp.3d 1202, 1207 (N.D. Cal. 2017) (noticing FDA guidance); *In re Aqua*, 2019 WL 3817849, at \*5 (noticing SEC filings, press releases, and conference call transcripts).

## III.   CONCLUSION

For these reasons, the Court can and should take judicial notice of Exhibits 21-31, 34, 44-76, and 155 in connection with Defendants' Motion for Summary Judgment.

Dated: February 25, 2026

COOLEY LLP

By: */s/ Koji F. Fukumura*
      Koji F. Fukumura

*Attorneys for Defendants Acadia Pharmaceuticals Inc., Stephen R. Davis, and Ana Stankovic, as Special Personal Representative of the Estate of Srdjan (Serge) R. Stankovic*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6

**REPLY I/S/O DEFENDANTS' RJN**
**Case No. 3:21-CV-00762-WQH-MSB**